## SEPTEMBER TERM, 1901.

[No. 1973.]

### BORCHERDT v. FAVOR.

1. MORTGAGES—PLEADING—LEGAL CONCLUSION.

In an action to foreclose a mortgage evidenced by a deed to and title bond from the vendee, an allegation in the answer that the bond was not a mortgage was a legal conclusion.

2. MORTGAGES—TITLE BONDS—FORECLOSURE.

Defendant executed to plaintiff his promissory note and at same time caused certain lands to be conveyed to plaintiff by a building and loan association to secure the note. Plaintiff executed to defendant a bond for title to the land conditioned upon the payment of the note and further conditioned that upon defendant's failure to pay the note, plaintiff should be discharged from any liability to convey said land to defendant, or if she preferred might enforce the payment of the note, and it was further provided in the bond that if any proceedings in court should be necessary on the foreclosure of the bond, plaintiff should recover a reasonable attorney's fee. It appeared on the face of the papers that the note, deed and title bond were parts of one and the same transaction. *Held* that the deed and title bond were in effect a mortgage from defendant to plaintiff to secure the note, and in an equitable action for foreclosure it was immaterial that the grantee in the bond was not the same as the grantor in the deed.

3. MORTGAGES—FORECLOSURE—PLEADING.

In an action to foreclose a mortgage where the complaint alleged that defendant executed to plaintiff his note, and to secure the same caused certain land to be conveyed to plaintiff by a building and loan association, and that plaintiff executed to defendant a bond for title to the land conditioned on the payment of the note, an answer that denied that defendant made or executed to plaintiff any deed of conveyance of the land, and further averred that defendant had no title in or to the land, but that the entire title was vested in the building and loan association, and that plaintiff acquired title from said association, was not a denial that defendant caused the conveyance to be made to plaintiff, nor were the allegations of the answer inconsistent with the fact that even though the legal title may have been vested in the building and loan association, an equitable title was vested in defendant.

4. MORTGAGES— FORECLOSURE— PLEADING— EVIDENCE—JUDGMENT ON THE PLEADINGS.

In an action to foreclose a mortgage where the complaint alleged that defendant executed to plaintiff his note and caused certain land to be conveyed to plaintiff by a building and loan association to secure the note, and that plaintiff executed to defendant a title bond to said land conditioned upon the payment of the note, and the bond expressly gave plaintiff the right to enforce the payment of the note, and provided for the recovery of an attorney's fee by plaintiff in case of legal proceedings to foreclose, an answer that admitted the execution of the note and that it was for the purchase price of the land, and admitted the execution of the title bond, and further alleged that about two years after the execution of the note and title bond, defendant caused to be executed to plaintiff a chattel mortgage upon certain personal property as collateral security for the debt, was an express recognition by defendant of the fact that the debt was absolute and could not be satisfied by a surrender of the premises by defendant, and that the bond was a mortgage and not a mere option given by plaintiff to defendant to purchase. Parol testimony was not necessary to determine whether the transaction constituted a mortgage, and such evidence would have been inadmissible and incompetent to show the contrary, and judgment for plaintiff on the pleadings was proper.

5. MORTGAGES—FORECLOSURE—CHATTEL MORTGAGES—PLEADING.

In an action to foreclose a mortgage, an answer that alleged that defendant had caused to be executed to plaintiff a chattel mortgage on certain personal property as collateral security for the same debt, and that plaintiff had taken possession of said personal property and converted it to her own use, and claiming credit for the alleged value of the property in a greater amount than the credit given by plaintiff, constitutes no defense in the absence of an allegation that possession was wrongfully taken by plaintiff or of wrong or fraud in the sale of the property. In the absence of any allegation to the contrary, the presumption is that plaintiff rightfully took possession under the chattel mortgage.

6. MORTGAGES—FORECLOSURE—SURRENDER OF PROPERTY—PLEADING.

In an action to foreclose a mortgage, an answer and cross complaint alleging a parol agreement by plaintiff, supported by no new consideration, to accept a surrender of the mortgaged property in full satisfaction of the debt and alleging damages for failure to carry out such agreement, stated no defense to the action of foreclosure or cause of action against plaintiff.

7. ATTORNEYS' FEES—COSTS—PRACTICE.

In an action to foreclose a mortgage which provided for a reasonable attorney's fee to be taxed as costs in favor of plaintiff, it was not

error to hear evidence as to the reasonable value of the services of plaintiff's attorney after the court had sustained a motion for judgment on the pleadings in plaintiff's favor.

8. MORTGAGES—FORECLOSURE—PLEADING—GENERAL DENIAL.

An allegation in a complaint for foreclosure that for the purpose of securing the note, defendant at the time of its execution caused a conveyance of certain land to be made to plaintiff, being the same land described in a title bond from plaintiff to defendant, which the action sought to foreclose, was not controverted by a general denial in the answer in the form " defendant denies each and every other allegation of the said complaint, except as herein expressly admitted, qualified or explained," although there was no attempt to allege a confession and avoidance.

*Error to the District Court of Elbert County.*

Mr. GEORGE W. TAYLOR, for plaintiff in error.

Mr. J. WARNER MILLS, Mr. JO A. FOWLER, Mr. GEORGE B. GOULD and Mr. RICHARD McKNIGHT, for defendant in error.

WILSON, P. J.

This is a suit for foreclosure of a mortgage, brought by defendant in error. The complaint alleged that on May 2, 1895, the defendant executed his promissory note to plaintiff for the sum of $1,260, payable three years after date, with interest; that on the same day, the defendant caused to be conveyed to plaintiff by The Equitable Building and Loan Association, as a part of the same transaction and for the purpose of securing the payment of said note and interest, certain lands in said deed mentioned, situate in Elbert county. That a few days thereafter, but in further consideration and as a part of the same transaction, the plaintiff executed and delivered to defendant her bond for a deed for the lands so conveyed to plaintiff by the building association, the condition therein expressed being the payment of defendant's said note at maturity and interest and taxes. A further condition in the bond was that if the defendant should

fail to pay said note and interest at maturity, then the plaintiff should be "absolutely discharged at law and in equity from any and all liability to make and execute such deed, and may treat the said Richard Borcherdt as a tenant holding over after the termination and contrary to the terms of his lease, or if she prefers to do so, may enforce the payment of said notes." A further condition of the bond was that in case any proceeding in court "shall be necessary on the foreclosure of this bond," then the plaintiff should recover a reasonable attorney's fee, to be taxed as a part of the costs. The complaint further alleged that defendant had failed to pay said note and interest, and that plaintiff had elected to enforce the payment of the same, and treat the deed and bond as a mortgage security for the indebtedness. The defendant filed a lengthy answer, in which he substantially admitted all of the allegations of the complaint, but denied that the making, execution and delivery of the title bond was a mortgage, or was ever intended to be such by the defendant. Upon motion of plaintiff, judgment upon the pleadings was rendered in her favor.

The allegation of defendant that the bond was not a mortgage was under the circumstances of this case a conclusion of law. Its determination was for the court and not for him. It has been held in this state that title bonds are mortgages at common law, and that the relations of the parties are those of mortgagor and mortgagee. *Wells v. Francis*, 7 Colo. 415. Independent of this, it conclusively appears upon the face of the papers and from the pleadings and admissions of defendant, that the giving of the note, the conveyance of the lands to plaintiff, and the execution and delivery by her to defendant of a bond for title, were part and parcel of the same transaction, constituting in fact one transaction only, and that this was in legal effect, and was so intended to be, a mortgage executed by defendant to secure the payment to plaintiff of the indebtedness evidenced by the note, and not a conditional sale. Judge Story has said, "If a transaction resolve itself into a security, whatever may be its form and whatever name

the parties may choose to give it, it is in effect a mortgage." *Flagg v. Mann*, 2 Sum. 486-533. Here it is admitted that the defendant caused the premises to be conveyed to the plaintiff, and this in legal effect would be the same as if the title had vested absolutely in the defendant, and he himself had made the conveyance. It makes no difference that the grantee in the title bond was not the same as the grantor in the deed. In law the defeasance must be in favor of the grantor in the deed. In equity the rule is different, and the transaction may be held a mortgage even though the defeasance be to one other than the grantor. 1 Jones on Mortgages (4th ed.), § 241. There is apparently a claim on the part of the defendant that this allegation was put in issue by the answer, but it is not true. By the answer defendant denied that he made or executed to plaintiff any deed of conveyance of the premises, but this was not alleged in the complaint. The answer further averred that the defendant had no title in or to the said premises, but that the entire title was vested in the building and loan association, and that the plaintiff acquired her title from said corporation. This is no denial that the defendant caused the conveyance to be made to plaintiff. The allegations of the answer are not at all inconsistent with the fact that even though the legal title may have been vested in the building and loan association, an equitable title was vested in him. The defendant expressly admitted the execution of the note, and that it was for the purchase price of the lands mentioned, and also the execution of the title bond, the latter expressly recognizing the right of plaintiff, in case of a failure of defendant to comply with its conditions or to pay said note, to enforce the payment of the note, if she preferred to do so. This was an express recognition of the fact that the bond was considered a mortgage. Even, however, if this right or privilege of plaintiff had not been expressly recognized by the terms of the bond, we do not mean to be understood as intimating that the plaintiff would not still have been compelled to foreclose as a mortgage, in order to have foreclosed the right of redemption by defend-

ant. 1 Jones on Mortgages, §§ 248–252. Upon this we express no opinion, it not being in the case. The bond further provided that the plaintiff might have an attorney's fee taxed as costs, in case any proceeding in court should be necessary on the foreclosure of the bond, thus again expressly recognizing the fact that the bond was a mortgage, and that proceedings of foreclosure might become necessary.

If there were any question about our conclusion, however, it would be entirely removed by an allegation of the answer in another respect. This was to the effect that some two years after the execution of the note and of the title bond, the defendant caused one Raymond Borcherdt to execute and deliver to plaintiff a chattel mortgage upon certain personal property as collateral security for the debt due by defendant to plaintiff. Here was a further express recognition of the fact that the debt was absolute, and that the title bond was not, as he claimed, one that he could satisfy in the event he became unable or unwilling to pay the note for the purchase price, by a surrender of the premises. The bond was not, in other words, a mere option to purchase given by plaintiff to defendant, and which the latter could exercise or not as he saw fit.

These conclusions being correct, it was not necessary to receive parol testimony in order to determine whether the transaction constituted a mortgage; in fact, such appearing to be the case upon the face of the papers and of the pleadings by the express admissions of defendant, as we have said, parol testimony would have been inadmissible and incompetent to show the contrary. 1 Jones on Mortgages, § 248. The court, therefore, did not err in rendering the judgment in favor of the plaintiff, unless some other issue was raised by the pleadings, which was necessary to have been determined by a trial.

The defendant attempted apparently to raise such an issue by averring in his answer that at a certain date plaintiff took possession of the stock covered by the chattel mortgage of Raymond Borcherdt, and converted the same to her own use,

and that therefore defendant was entitled to have credit upon his note for the amount of what he alleged to be the value of said stock, instead of the amount which the plaintiff did credit. We cannot see how this, as alleged, would constitute any defense in this action. Defendant admits the execution of the chattel mortgage to secure his debt, the presumption therefore must obtain, in the absence of any allegation to the contrary, that the plaintiff rightfully took possession of the property under the chattel mortgage. There was no allegation that she unlawfully or wrongfully took such possession, neither is there any allegation of wrong or fraud in the sale of the stock by plaintiff under the chattel mortgage. The circumstances which would give her a right to take possession and make such sale, expressly appear by the allegations of the answer itself.

The defendant also attempted to set up by what he termed a cross complaint, certain facts which he alleged would entitle him to a judgment against plaintiff in the sum of about $1,300. This was based upon an allegation that about March 6, 1897, the defendant being unable to pay off the remainder due upon his note, proposed to plaintiff that he would deliver up possession of the premises and the property covered by the chattel mortgage, and would release and give up to plaintiff all his rights and equities in and to the title bond, and waive all right and claims to payments already made, on condition that plaintiff would surrender to defendant his note ; that plaintiff accepted the said proposition, and agreed if the chattel property was all on the premises, she would come out and accept it, and take charge of the premises and chattel property, in a day or two ; that relying upon this promise of plaintiff, he was obliged to incur large expense by keeping a cook and housekeeper, and man to take care of and feed the stock, and was also compelled to feed the stock, etc. ; but that plaintiff came out to the premises on April 12 following, and refused to turn over the note, or to comply with her said agreement. It is well settled that if a title bond is a mortgage, the grantee cannot satisfy it by

a surrender of the premises. Once a mortgage, always a mortgage. Jones on Mortgages, § 256. The estate of a mortgagee is defeasible only by compliance with the conditions expressed in the mortgage,—in this case by the satisfaction of the note. Jones on Mortgages, § 887. The so-called agreement of plaintiff to accept the surrender and give up defendant's note, was in the first place according to the answer itself, a conditional one. Further, it was in effect, if made at all, a new agreement, and no new consideration for it was alleged. Further, it was not in writing—at least, there is no allegation that it was—and nothing was done by either party in pursuance of such alleged agreement, to change their situation or conditions. Moreover, the answer subsequently alleges that on the 6th day of March, 1897, the identical day upon which he claims that plaintiff accepted his offer of surrender of possession, etc., she did not accept; that he then tendered possession of the premises and of the chattel property, on condition that she surrender to him his note, but that plaintiff absolutely refused to accept a surrender of said premises and chattel property on any terms or conditions, but on the contrary, announced her determination to refuse to accept the same, and to foreclose on the title bond. We think the court did not err in rendering judgment on the pleadings.

It appears that after the court had sustained the motion for judgment on the pleadings in favor of the plaintiff, it heard some testimony as to the reasonable value of the services of the attorney for plaintiff in the foreclosure proceeding. This we do not consider error. The court had directed a decree in favor of the plaintiff, but according to the terms of the title bond, it was permitted and required to tax against the defendant, as costs, a reasonable attorney's fee. The inquiry into this matter was merely in reference to the taxation of costs, and did not concern or affect in any respect the decree. In fact, it was first necessary that the court should find that the plaintiff was entitled to recover before it was authorized to tax the attorney's fee as costs. The defendant was entitled to

have offered testimony on this question if he had seen fit, but he tendered none. He simply objected to the court receiving any testimony on this point, because upon the application and motion of plaintiff, she had obtained a judgment on the pleadings already, and he objected to the hearing of any testimony unless there was a full trial of all the issues in the case. For the reason that the testimony was simply in relation to the matter of taxation of costs, and that the defendant did not avail himself of the privilege of offering any testimony on the question, we think the objection is without merit. We have referred to all the questions which we deem of sufficient weight to require consideration, and for the reasons given, the judgment will be affirmed.

*Affirmed.*

GUNTER, J., not sitting.

### ON REHEARING.

WILSON, P. J.

We have given most careful consideration to the views of counsel for plaintiff in error, so ably presented in his brief and at the oral argument on the rehearing granted in this cause, but we see no reason to withdraw, change or modify the opinion heretofore handed down. The additional investigation has served only to confirm us in the correctness of our views as there expressed.

The object of all written pleading is to bring before the court the real matter in controversy between the parties, the grounds of their dispute, and to present the issues to be determined with certainty, precision and definiteness, so that each party may be clearly advised as to the allegations of the other, and the court fully informed as to the points of dispute. Bliss on Code Pleading, § 138 *et seq. ;* Pomeroy on Remedies and Remedial Rights, § 633.

A most material and important allegation in the complaint under consideration, one upon which the entire theory of the

case depended, and one which, if denied, it would have been absolutely essential to have shown in order to have entitled plaintiff to the relief sought, was " that for the purpose of securing the payment of said note and interest, the defendant did on the 2d day of May, 1895, at the time of executing the aforesaid promissory note, and as a part of the same transaction, cause a deed of conveyance to be made to the plaintiff of the following described lands,"—being the same lands described in the title bond which this action sought to foreclose. Upon this allegation, all other averments in the complaint depended. All others, it may be said, were the natural sequence of it. If this allegation was untrue, the whole superstructure of the complaint fell to the ground: plaintiff was entitled to no relief. It is not pretended that there was any specific denial of this allegation, nor that there was any plea of confession and avoidance. But defendant's counsel urge with much force and zeal that it is covered by the general denial in the answer, which reads as follows:

" 15. And this defendant denies each and every other allegation of the said complaint, except as herein expressly admitted, qualified or explained."

Section 71 of our civil code of procedure provides that every material allegation of the complaint or answer not controverted by the answer or replication thereto, shall for the purposes of the action be taken as true. Speaking generally, we are clearly of the opinion that the clause which we have quoted from the defendant's answer does not constitute a denial. If the clause had ended with the word " admitted," there being no attempt in this case at confession and avoidance, it would have been sufficient, but when the force and effect of this denial was qualified by adding the words, " qualified or explained, " such force and effect was entirely destroyed. It violated every principle of good pleading. Instead of serving to clearly define the issues, and present definitely the points in controversy, these words could serve only to cloud the issue, and make it indefinite and uncertain. Particularly is this so in this case, where the answer was

lengthy, and in various portions it might be claimed that there was an attempt to explain or qualify these material averments. There was enough to raise a doubt in any event. A pleader has no right to impose upon the court the burden of ascertaining what he calls a qualification or an explanation. It cannot be permitted under any procedure to thus drive both the opposing party and the court into the wide and pathless field of speculation and conjecture. Indeed, in many cases—and it is true of this one—such a determination would be impossible. The allegation of the complaint was not involved, but clear and clean-cut, and easily susceptible of a denial, if such was desired by the defendant. Besides, a close reading of the answer, especially those parts of it wherein it might be said there were attempted explanations or qualifications, would indicate that it was not intended to deny this allegation.

The former opinion will be adhered to, and the judgment affirmed.

*Affirmed.*