No. 13,998.

SCOTT *v.* WEIMER.
(61 P. [2d] 591)

Decided October 6, 1936.

Mr. JOHN C. VIVIAN, for plaintiff in error.

Mr. PERRY BEHYMER, Mr. FRED S. CALDWELL, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN unlawful detention action under subdivision sixth, section 6369, C. L. 1921. Judgment entered for plaintiff.

It appears that June 23, 1932, by deed of trust on the real estate involved running to the public trustee of the City and County of Denver, and subject to an earlier deed of trust, defendant secured payment of her note to plaintiff; that April 4, 1935, default obtaining on the note, the public trustee, proceeding under the deed of trust, advertised foreclosure sale of the property for May 7, 1935, and plaintiff becoming the purchaser thereat, certificate of purchase issued to her; that November 13, 1935, the period of redemption having expired, plaintiff received a trustee's deed to the property; that November 22, 1935, plaintiff, having demanded and been denied possession, instituted this action before a justice of the peace. The justice, moved by the provisions of section 6374, C. L. 1921, certified the cause to the district court.

Defendant relies on an affirmative defense, her offer to prove which was rejected, and this rejection is the basis of her complaint on error. That portion of defendant's answer setting up the defense reads:

"1. That the defendant in order to take up the indebtedness owing on her said property to the plaintiff herein and in conformity with the federal statutes made and provided, made application No. 11123 to the Home Owners' Loan Corporation for a loan to cover the said

indebtedness; that on August 23, 1935, she was notified by the said corporation through C. E. Clark, assistant chief negotiator, that the loan value upon said premises was sufficient to allow her claim.

"2. That the said corporation by and through the aforesaid chief negotiator and under the date aforesaid, notified plaintiff to the same effect and requested her to advise the corporation of her acceptance or rejection of the government bonds which were offered her in liquidation of the said loan.

"3. That on or about October 21, 1935, counsel for the defendant discussed the completion of said loan with the plaintiff explaining to her the bonds offered were quoted on the open market approximately at par; that if she would accept the same she could negotiate them through her bank and realize therefrom, approximately the amount owing her, thereby carrying out the purpose or intention of the Home Owners' Loan law in such cases made and provided.

"4. That the said plaintiff replied to counsel that if such were the correct state of facts and she would receive the money owing her or approximately the said amount without waiting unduly for the same, she would accept the government's proffer.

"5. That on or about October 25, 1935, counsel again discussed the situation with the plaintiff and she again reiterated substantially what she said before, emphasizing the fact that if these bonds were being sold on the open market at approximately par and if she could realize approximately the amount owing her by the defendant she would accept the bonds.

"6. That the Home Owners' Loan Corporation stands willing and ready to carry out its representations in this connection and that its duly authorized representatives have assured the defendant they will do anything within their power to bring the same about.

"7. That the defendant, accordingly, submits she has offered to liquidate her indebtedness to the plaintiff but

that the same has been refused, contrary to the representations of the plaintiff as alleged aforesaid.

"8. Wherefore, defendant prays for an order providing that the plaintiff shall adhere to the promises twice made in this connection; that she be ordered to complete the transaction with the said Home Owners' Loan Corporation; that she accept the proffered bonds in liquidation of the balance due her on the loan against the property; that the defendant be allowed to remain in possession of the said premises and for such other and further relief as to the court may seem meet and proper."

1. What defendant claims to have done was subsequent to foreclosure and issuance of certificate of purchase. The status of creditor and debtor previously existing between plaintiff and defendant had ceased. That which had been a debt no longer obtained. The parties had become as strangers. Plaintiff occupied the position of purchaser at a foreclosure sale; defendant was in the role of one entitled to make statutory redemption from the sale. To effect redemption—the sole avenue for relief from foreclosure in the situation here—defendant was required to make payment to the public trustee, the fact thereof to be evidenced by a certificate of redemption issued by that official. §§5052-5054, C. L. 1921. Instead of following that procedure—viewing her efforts most favorably—defendant proffered to discharge that which was certain in sum and payable in money, by offering the certificate holder an uncertain amount in something not money. Clearly, we think, plaintiff was not obliged to accept the offer, nor is it definitely alleged that she agreed to the proposal. Besides, and this in itself is fatal to her defense, there is absence of allegation of new consideration for the claimed altered relationship between the parties. *Borcherdt v. Favor*, 16 Colo. App. 406, 66 Pac. 251.

2. Plaintiff did not file a lis pendens when instituting her action. For this reason, defendant con-

tends that the suit must fail, and cites section 297, Code Civil Procedure, 1921, which, as argued, "is a mandatory provision to protect the defendant." Answering this contention it may be said, first, that the action is not a code proceeding; but, assuming the code does apply, and that defendant in possession of the property stood in need of the protection afforded by a lis pendens— seemingly not so—she had but to invoke section 38 of the code and make the filing in her own behalf. Further, as we conceive, it never is incumbent on either party to litigation to file lis pendens in the interest of his adversary. It seems pertinent to remark, that by another code provision—still assuming the applicability of the code— plaintiff's protection was not dependent on lis pendens. Code §284. Second, the cases cited by defendant, not only are inapplicable, because considered under the code, but are without point because in them the discussion has to do with third parties seeking to impress rights obtained in ignorance of a pending suit. No third party is complaining here, and as between the parties themselves a lis pendens would be without office.

Let the judgment be affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE YOUNG concur.