### JOHN McCLUSKEY v. J. HAROLD KLOCK

| | |
|---|---|
| 35 So. (2nd) 646 | June Term, 1948 |
| June 4, 1948 | Special Division A |

*Daniel L. Ginsberg* and *Pace & Ammerman,* for petitioner.

*Leonard G. Egert,* for respondent.

BARNS, J.:

The respondent (petitioner below), pursuant to Sec. 84.23, F.S. 1941, F.S.A., sought and procured a rule to show cause,

addressed to the petitioner here, requiring him to show cause "why he should not be required to enforce the Claim of Lien.

The Chancellor, upon a hearing on the return to the Rule, decreed:

"1. The Respondent, John McCluskey, is hereby ordered and directed to commence an action for the foreclosure of the claim of lien filed by him on December 31, 1947, under Clerk's File No. W-105286 of the Public Records of Dade County, Florida, within 30 days of the date of this order.

"2. In the event that the Respondent fails to commence an action of foreclosure as above directed then upon the affidavit of the Petitioner, or his attorney herein, the Clerk of the court is hereby ordered and directed to record a cancellation of the said claim of lien."

Thereafter the respondent-petitioner moved for an order cancelling the Claim of Lien upon the following ground:

"2. To date the defendant has failed to commence an action of foreclosure as directed by said order and instead thereof *instituted an action of Summary Proceeding under Chapter 86.06 of the Florida Statutes 1941.*"

Which motion was granted and the claimant now seeks review by certiorari.

Since the parties were already before a court having jurisdiction to enforce liens, it appears it might have been appropriate for the claimant to have filed his foreclosure proceedings in the case wherein he was cited. However, the law gives him the right to proceed pursuant to Sec. 86.06, F.S. 1941, F.S.A., and this he did within the time fixed by the Chancellor's order. The order entered did not prescribe that claimant should proceed in equity, and it is doubtful that the Chancellor could have properly governed the forum for enforcement proceedings.

It is our conclusion that the claimant has sufficiently complied with the law and that the Chancellor erred in cancelling the recorded Claim of Lien.

The petition is granted and decree is quashed.

TERRELL, Acting Chief Justice, CHAPMAN and SEBRING, JJ., concur.