132 So.2d 357 (1961)
Theodore TRUSHIN, Trustee, Appellant,
v.
Agnes M. BROWN, Administratrix of the Estate of Walter J. Brown, deceased, Appellee.
No. 61-212.
District Court of Appeal of Florida. Third District.
August 3, 1961.
Rehearing Denied September 6, 1961.
Dan Chappell, Miami, for appellant.
Murray Goodman, Miami Beach, Rollo E. Karkeet and Louis B. Berg, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
HORTON, Judge.
The appellant, a defendant below, seeks review by interlocutory appeal of an order *358 denying his motion to dismiss an action to impress a mechanic's lien upon certain real property, and to discharge the property from the action.
The bill of complaint to foreclose a mechanic's lien discloses that the appellee's decedent, as a result of certain alterations and improvements upon the property in question, had filed a mechanic's lien in the public records of Dade County, Florida, on March 4, 1959. Copies of the lien were served upon the then owner as required by the mechanic's lien law. This suit was instituted on September 22, 1959, but no notice of the pendency of the said suit was or has been filed in the action. The appellant's motion to dismiss was predicated upon the ground that the appellee, plaintiff below, had not complied with the provisions of § 84.21, Fla. Stat., F.S.A., in that a notice of the pendency of said action had not been filed with the clerk of the circuit court and that, therefore, since more than one year had transpired since the filing of the claim of lien, the property should be discharged from the lien and the appellant dismissed as a party.
The appellee contends that since the appellant had actual notice of the pendency of the action from the inception of the suit, and since the suit was instituted less than one year from the filing of the claim of lien, the chancellor was correct in denying the appellant's motion.
The appellant and appellee, in their briefs and oral argument, have been unable to cite this court any prior appellate authority in Florida construing § 84.21, supra. Our research has also been unable to uncover any such decisions. Section 84.21, supra, provides:
"No lien provided by this chapter shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed, * * * The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person. * * *" [Emphasis supplied.]
Section 84.23, Fla. Stat., F.S.A., provides, inter alia:
"A lien provided by this chapter may be discharged by any of the following methods:
* * * * * *
"(3) By failure to begin an action to enforce the lien within one year from the time of filing the claim of lien, unless an action be begun within the same period to foreclose a mortgage or to enforce another lien provided by this chapter upon the same real property and a notice of pendency of such action is filed." [Emphasis supplied.]
Section 47.49(1), Fla. Stat., F.S.A., provides as follows:
"(1) No proceeding in any of the state or federal courts in this state, including actions at law, suits in equity and special statutory proceedings, shall operate as a lis pendens as to any property, real or personal, involved therein or to be affected thereby, until there shall have been filed in the office of the clerk of the circuit court of the county where the property is situated, and shall have been recorded in a book to be kept by him for that purpose, a notice of the institution of such proceedings, containing the names of the parties, the time of the institution of the proceeding, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to such property." [Emphasis supplied.]
*359 Although the appellee's claim of lien was duly filed and suit was instituted within the prescribed period of time, no notice of the pendency of the action has been filed. The acquisition of a mechanic's lien is purely statutory. The courts have uniformly held that to acquire such a lien, the mechanic's lien law must be strictly complied with. See Browne v. Park, 144 Fla. 696, 198 So. 462. No one could seriously contend that the failure to commence an action within one year after the filing of a claim of lien would not only bar the enforcement of the lien but work a discharge thereof. See § 84.23(3), supra; Bowery v. Babbit, 99 Fla. 1151, 128 So. 801; Kimbrell v. Fink, Fla. 1955, 78 So.2d 96.
Since the clear language of the statute (§ 84.21, supra) requires the filing of a notice of the pendency of an action as a condition for the duration as well as the enforcement of the mechanic's lien, we conclude that a failure to so comply and the elapsing of more than one year would bar the enforcement of the lien and discharge the property from the effect thereof. Although the wisdom of the requirement in all mechanic's lien foreclosures for the filing of a notice of the pendency of an action, where the rights of third parties are not involved, may be questionable, nevertheless we feel it our duty to construe the statute in the light of its clear, unambiguous terms. Our conclusion that the failure of the appellee to file a notice of the pendency of this action is fatal to her right to enforce the mechanic's lien and requires a discharge of the property from the effect of said lien, is nevertheless without prejudice to such rights as she may otherwise have under the law.
Accordingly, the order appealed is reversed, and the cause is remanded with directions to dismiss the appellant from the action and to discharge the property from the effect of the lien.
Reversed and remanded with directions.
PEARSON, TILLMAN, Chief Judge (dissenting).
It is my view that a "notice of pendency" is a "lis pendens" by English translation and is the same creature in a different coat. As such it has no office here where the defendant had knowledge of pendency at all times. The law ought not take away a man's rights because of his failure to do a useless thing. I would affirm. See Sheridan v. Cameron, 65 Mich. 680, 32 N.W. 894; Scott v. Weimer, 99 Colo. 247, 61 P.2d 591.