WIGGINTON, Acting Chief Judge.
Appellant, who was plaintiff in a suit to foreclose a mechanic’s lien, has appealed from an order dismissing the cause as to appellee-owners Norton and wife, and discharging the claim of lien sought to be foreclosed against the Nortons’ land.
Our decision rests upon an interpretation of the section of the Mechanics Lien Law which provides that “No lien provided by this chapter shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed, containing the names of the parties to the action, the obj ect of the action, a description of the real property and improvements affected thereby, and the time of filing the claim of lien. * * * The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person.”[1]
Since the order reviewed was entered upon a motion to dismiss the complaint *787 for failure to state a cause of action, the facts of the case are not in dispute.
Norton contracted with defendant Modern Improvement Company to construct a dwelling on property owned by him. Modern subcontracted with appellant-builder to construct the dwelling at an agreed price. Upon completion of the contract appellant filed a claim of lien for the balance of the contract price due it which remained unpaid. Within the time permitted by the statute appellant instituted this action to foreclose its mechanic’s lien, making Modern and the Nortons parties defendant. The Nortons filed their motion to dismiss the action on the ground that plaintiff had failed within one year from filing its claim of lien to file with the Clerk of the Circuit Court in which the action was pending a notice of pendency of the action as required by the abovemen-tioned statute. It was upon this ground that the chancellor found that plaintiff had lost its claim of lien against the Nortons’ property, which resulted in dismissal of the action as to the Nortons and discharge of the lien.
It is appellant’s contention that the provision of the statute which requires that notice of pendency of the action be filed within one year after filing of a claim of lien is intended only to protect innocent third parties and to give constructive notice that the suit has been instituted. It contends that the filing qf the notice required by the statute is not necessary to preserve its lien as against parties having actual notice of the suit, and since the Nortons were served with process and a copy of the complaint seeking foreclosure, they had actual notice that the suit was pending and the filing of the statutory notice was wholly unnecessary.
The question here presented was squarely raised and passed upon by the Third District Court of Appeal in an able opinion written by Judge Horton. It was there pointed out that the acquisition of a mechanic’s lien is statutory in character, and that in order to acquire an enforceable lien the statute must be strictly complied with. It was held that the filing of a notice of pend-ency of the action is a condition for the duration, as well as the enforcement of a mechanic’s lien, and that failure to file such notice constitutes a bar to the enforcement of the lien and a discharge of the property from the effect thereof.[2]
The Trushin decision was subsequently followed, and the same rule adopted, by the Second District Court of Appeal in the Adams case.[3] No circumstances have been made to appear in this cause which would justify an interpretation of the statute different from those placed upon it by our sister courts.
Appellant lastly contends that it comes within the exception of the statute mentioned above which provides that failure to file a notice of pendency of the action shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien, and the action may be prosecuted to judgment against such person. Appellant strenuously argues that since the Nortons are liable for payment of the debt claimed by appellant, it was error to dismiss them from the action. It is appellant’s interpretation of the statute that under this exception the lien continues against the improved property owned by one responsible for payment of the debt, and that the court therefore erred in discharging the lien.
We are unable to agree with the construction placed upon the statute by appellant. It is first observed that the one primarily liable for payment of the debt is Modern Improvement Company with whom appellant contracted to construct the dwelling. Even had the debt been contracted by the Nortons, the only effect of the exception relied upon would be to permit the cause to proceed against the Nortons as an action in *788 debt, but the lien against the Norton property would nevertheless be discharged on account of appellant’s failure to file notice of pendency of the action.
We hold the chancellor properly interpreted the pertinent statute here considered, and that no error was committed by the entry of the order appealed.
Affirmed.
STURGIS and RAWLS, JJ., concur.

. F.S. Section 84.21, F.S.A.

. Trushin, Trustee v. Brown, Administra-trix, (Fla.App.1961) 132 So.2d 357.

. Adams v. Kenson Supply Co., (Fla.App.1962) 137 So .2d 27.