WIGGINTON, Judge.
This case is before the court on a question certified for our decision by the Circuit Court of Columbia County pursuant to Rule 4.6, F.A.R., 31 F.S.A. The answer to the question involves an interpretation of the Mechanics’ Lien Law of Florida. The facts giving rise to the question are as follows.
Plaintiff brought suit to foreclose a mortgage securing a promissory note given in payment for construction work to be performed for the mortgagors. Upon default in payment the mortgagee brought this suit to foreclose the mortgage, joining as defendants the mortgagors together with various materialmen and other mechanic lienors. The complaint alleges that the liens of the defendant lienors are junior and subordinate to the lien of the mortgage sought to be foreclosed. The lienors answered the complaint and counterclaimed seeking foreclosure of their respective liens for materials furnished in the construction of the improvements situated on the land covered by the mortgage. These lienors failed to file with their counterclaims notice of pendency of their respective actions. Plaintiffs moved the trial court for an order discharging the property described in the mortgage from the liens claimed by the lienors upon the ground that said lienors had failed to file with their counterclaims a notice of pendency of the action to foreclose their liens as re *191 quired by Section 84.21, F.S., F.S.A.[1] It is admitted that none of defendant lienors filed notice of pendency of their respective actions within the one year period required by the mentioned statute. They seek to excuse this failure on the ground that it is not required for the reason that simultaneously with the filing of plaintiffs’ suit to foreclose their mortgage they filed a notice of lis pendens correctly describing the real property on which the improvements are situated as permitted by Section 47.49, F.S., F.S.A.[2] It is contended that the notice of lis pendens filed by plaintiffs as permitted by the mentioned statute relieved them of the necessity of filing notice of pendency of their respective actions to foreclose their mechanic’s liens as required by the Mechanics’ Lien Law. The question certified for our decision by the Circuit Court is as follows:
“Where plaintiffs in a mortgage foreclosure proceeding brought against the mortgagor and materialmen lienors, filed a Notice of Lis Pendens which does not refer to the filing date of any of defendants’ claims of. lien, or de- ■ scribe the improvements affected thereby, should the defendants’ lienors’ counterclaims be dismissed for their failure to file a notice of pendency of action provided by F.S.A. 84.21 and' 84.23 ?”
The statute under consideration quoted im Footnote 1 above provides that “No lien, provided by this chapter shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is-commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the-claim of lien is filed, * * This provision of the statute has heretofore been-interpreted by this court in Cowherd &r Sanderlin, Inc. v. Modern Improvement Company, Inc., et al.[3] It was there held that the acquisition of a mechanic’s lien is-statutory in character and in order to acquire an enforceable lien the statute must be strictly complied with. We further *192 held that the filing of a notice of pendency of the action is a condition for the duration, as well as the enforcement of a mechanic’s lien, and that failure to file such notice constitutes a bar to the enforcement of the lien and a discharge of the property from the effect thereof. In so holding we adhered to the rule of law pronounced by the Third District Court of Appeal in the Trushin case,[4] and by the Second District Court of Appeal in the Adams case.[5]
If the lienors in the case sub judice had instituted separate actions to foreclose their liens on the land described in plaintiffs’ mortgage, and in each instance had failed to file a notice of the pendency of their action as required by the mentioned statute, their liens would be discharged on the authority of the decisions above mentioned. Such, however, is not the case here.
The present action was instituted by plaintiffs as holders of a mortgage lien encumbering the land on which the improvements are situated, the construction of which gave rise to the lien claimed by the defendant lienors. With the filing of this action the plaintiff filed a notice of lis pendens as provided by Section 47.49(1), F.S., F.S.A. quoted in Footnote 2 above. This lis pendens was sufficient to put defendants, as well as all others, on notice that the property described therein was presently involved in litigation, the final disposition of which would be determined upon the entry of a final decree in the cause. Section 84.23, F.S., F.S.A., of the Mechanics’ Lien Law provides as follows:
“A lien provided by this chapter may be discharged by any of the following methods:
******
“(3) By failure to begin an action to enforce the lien within one year from the time of filing the claim of lien, unless an action be begun within the same period to foreclose a mortgage or to enforce another lien provided by this chapter upon the same real property and a notice of pendency of such action is filed.”
In considering the last above quoted section of the statute, it must be borne in mind that the lien of a duly executed and recorded mortgage is not a lien provided by the Mechanics’ Lien Law contained in Ch. 84, F.S. Although the statute may be susceptible of different interpretations, it is our view that its intent is to provide that a mechanic’s lien provided by the act will be discharged by failure to begin an action to enforce it within one year from the time of filing the claim of lien unless one of two separate contingencies occur. The lien will not be discharged if an action be begun to foreclose a mortgage within one year from the time of -filing the claim of lien held by a defendant lienor who is made a party defendant to the action. Secondly, the lien will not be discharged if an action be begun to enforce another lien provided by the statute upon the same real property, and notice of pendency of such action by the plaintiff lienor is filed as required by Section 84.21, and the lienor is joined as a party defendant.
It is our view and we so hold that since the action sub judice was begun by the plaintiffs for the foreclosure of a mortgage on the land upon which the improvements are situated, the construction of which gave rise to the lien claimed by the defendant lienors, such defendants are not required as a condition of enforcement to file a notice of pendency of their actions to foreclose their respective mechanic’s liens in accordance with the counterclaims filed by them. In view of the conclusion we have reached, the question certified for our decision is answered in the negative.
STURGIS, C. J., and CARROLL, DONALD K., J., concur.

.“84.21 Duration of lien. No lien provided by this chapter shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed, containing the names of the parties to the action, the object of the action, a description of the real property and improvements affected thereby, and the time of filing the claim of lien. If a lienor having a subsisting lien is made a party defendant in an action to enforce another lien provided by this chapter, and the plaintiff or such defendant has filed a notice of the pendency of the action within the time prescribed in this section for bringing action to enforce such defendant’s lien, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor. The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person. Where a lien is transferred to a cash deposit or to a bond as provided in § 84.24 a notice of penden-cy of action need not be filed.”

. “47.49 Lis pendens; in state and federal courts; requirements, beginning, duration, dissolution, etc. (1) No proceeding in any of the state or federal' courts in this state, including actions at law, suits in equity and special statutory proceedings, shall operate as a lis pendens^ as to any property, real or personal, involved therein or to be affected thereby, until there shall have been filed in the office of the clerk of the circuit court of' the county where the property is situated, and shall have been recorded in a book-to be kept by him for that purpose, a notice of the institution of such proceedings,, containing the names of the parties, the-time of the institution of the proceeding,, the name of the court in which it is pending, a description of the property involved' or to be affected, and a statement of the-relief sought as to such property.”

. Cowherd & Sanderlin, Inc. v. Modern Improvement Company, Inc., et al., (Fla.App.1982) 142 So.2d 786.

. Trushin, Trustee v. Brown, Administratrix, (Fla.App.1961) 132 So.2d 357.

. Adams et ux. v. Kenson Supply Company, (Fla.App.1962) 137 So.2d 27.