WHITE, Judge.
This is a case of first impression. Interlocutory appeal was filed by Forrest Gay and wife as homeowners in a suit instituted on their petition for rule to show cause why liens filed against their home should not be settled pro rata or can-celled.[1] Hearing was had on the petition and the court entered an order limiting the time to enforce liens to 22 April 1964.
The respondents were certain persons or firms not in privity with the petitioners who had filed claims of liens against the petitioners’ property. Prior to completion of the home the general contractor absconded without giving petitioners any statement as to unpaid bills of subcontractors or materialmen.
Two lienors, Ernest Mujica and Robbins Mfg. Co., counterclaimed for enforcement of their respective liens. At the same time they filed their “Notice of Pendency of Action to Enforce Lien.” Their rights are not contested in this appeal. Four other lienholders, Akins Electric Co., B. & F. Linoleum and Tile Co., City Paint Center, and Carson Plumbing Co., Inc., filed timely counterclaims seeking enforcement of their respective liens but they did not at that time file a “Notice of Pendency of Action to Enforce Lien.”
The petitioners thereafter moved for summary decree against the latter four lienholders for failure to comply with § 84.21 Fla.Stat., F.S.A.[2] The one year period allowed under that statute for filing notice of lis pendens had not expired and the court granted oral motions to allow the lienholders to file their Notice of Pen-dency and for a continuance to permit them to do so. From this order the petitioners brought their interlocutory appeal.
In order to acquire an enforceable lien when the lienholder institutes action, there is no question but that the notice of pendency of action must be filed within the one year period. See Cowherd & Sanderlin, Inc. v. Modern Improvement Co., Inc., Fla.App.1962, 142 So.2d 786; Adams v. Kenson Supply Co., Fla.App.1962, 137 So.2d 27; Trushin v. Brown, Fla.App. 1961, 132 So.2d 357. There is some authority, however, that the failure to file such notice does not bar enforcement of the lien where the lienholder is joined as a party defendant and where a plaintiff mortgagee has filed an appropriate notice. Johnson v. Rossell, Fla.App.1963, 156 So.2d 190. It is arguable that the Johnson doc *85 trine would apply also to inverse actions instituted by the homeowner against the lienholder under § 84.23(4) Fla.Stat., F.S.A.[3] That question, however, need not be decided on this appeal because here all of the appellee-lienholders were not joined as party defendants and the appellee-lienholders did in fact file their notices of lis pendens within the one year period defined in § 84.21 Fla.Stat., F.S.A.
The prime point for consideration therefore, is whether the notice of lis pendens can be filed at any time prior to the expiration of one year from the filing of the claim of lien; or, whether the appellees are barred from enforcing their liens for failure to file such notice at the time they answered and counterclaimed in the proceedings.
Section 84.21 Fla.Stat., F.S.A. provides that no subject lien shall continue for longer than one year after the claim of lien has been filed “unless within that time” an appropriate action is commenced and “a notice of the pendency of such action is filed.” In Cowherd & Sanderlin, Inc. v. Modern Improvement Co., Inc., supra; Adams v. Henson Supply Co., supra, and Trushin v. Brown, supra, the notices of pendency were each filed after the expiration of the years time. Hence those cases are not controlling on the pertinent point.
The appellants concede that under § 84.21 Fla.Stat., F.S.A., lienholders would have one year within which to file their notice of lis pendens. They urge, however, that when an action is filed under § 84.23(4) Fla.Stat., F.S.A., the time for filing such notice is shortened. The appellees, on the other hand, argue that § 84.23(4) does not limit the duration of the lien; that it merely provides a method by which a property owner may elect to institute suit against the lienholder rather than wait to be sued himself; that since § 84.21 Fla.Stat., F.S.A. sets a one year period for filing the notice of pendency of action, the chancfillor’s order was not erroneous. We agree with this latter contention.
Section 84.23(4) Fla.Stat., F.S.A. does not specifically limit the normal period of time for filing a notice of pendency of action nor does it even imply that such notice must be given when that statute is used. If such notice was indeed necessary, the lienholders complied by filing their notices within the time prescribed by § 84.21 Fla. Stat., F.S.A. Accordingly the chancellor did not err in confirming the right to file the subject notices after answer and counterclaim where the same could be done within one year from the date of filing of each claim of lien.
Affirmed.
SHANNON, J., concurs.
SMITH, C. J., dissents with opinion.

. The petition was filed pursuant to § 84.-23 (4) Fla.Stat., F.S.A., as it existed prior to the 1963 revision of Chapter 84 Fla. Stat. (Mechanic’s Lien Law).

. § 84.21 Duration of lien
“No lien provided by this chapter shall continue for a longer period than one year after the claim of lien has been filed unless within that time an action to enforce the lien is commenced in a court of competent jurisdiction and a notice of the pendency of such action is filed with the clerk of the circuit court of the county in which the claim of lien is filed, containing the names of the parties to the action, the object of the action, a description of the real property and improvements affected thereby, and the time of filing the claim of lien. If a lienor having a subsisting lien is made a party defendant in an action to enforce another lien provided by this chapter, and the plaintiff or such defendant has filed a notice of the pendency of the action witMn the time prescribed, in this section for bringing action to enforce such defendant’s lien, the lien of such defendant is thereby continued. Such action shall be deemed an action to enforce the lien of such defendant lienor. The failure to file a notice of pendency of actions shall not abate the action as to any person liable for the payment of the debt specified in the claim of lien and the action may be prosecuted to judgment against such person. Where a lien is transferred to a cash deposit or to a bond as provided in § 84.24 a notice of pendency of action need not be filed.” (emphasis added)

. § S4.23
“A lien provided by this chapter may be discharged by any of the following methods:
* * * * *
“(4) By an order of the circuit court of the county where the property is located as provided in this subsection. At the instance of the owner or contractor ■the court shall issue upon the lienor a rule to show cause within thirty days why his lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor satisfactorily to show cause the court shall forthwith either order the lienor to commence action to enforce his lion, or order the clerk of the court to record cancellation of the lien.”