268 So.2d 454 (1972)
WESLEY CONSTRUCTION COMPANY, Appellant,
v.
Arthur W. YARNELL, Jr., a/K/a Dick Yarnell, D/B/a Dick Yarnell, Drywell, Appellee.
No. 71-157.
District Court of Appeal of Florida, Fourth District.
November 2, 1972.
Edward C. Vining, Jr., and R.M. MacArthur, Miami, for appellant.
Ernest G. Simon, Delray Beach, and H. Laurence Cooper, Jr., of O'Connell & Cooper, West Palm Beach, for appellee.
WALDEN, Judge.
This is an interlocutory appeal. It concerns the proper method of enforcing a mechanic's lien and requires a somewhat fine dissection and application of pleading rules and statutes.
*455 Our survey is conducted in the light of Rule 1.010, Fla.R.Civ.Proc., 30 F.S.A., which provides that the rules "shall be construed to secure the just, speedy and inexpensive determination of every action."
There was a construction project. Plaintiff was its general contractor and defendant a sub-contractor. As a consequence, the defendant filed a mechanic's lien. Plaintiff, under the provisions of F.S. 713.21(4), Laws of 1969, F.S.A.,[1] filed its complaint against the defendant statutorily asking that the defendant show cause why his lien should not be enforced by action or vacated and canceled.
Defendant filed an answer and counterclaim. His answer admitted the mechanic's lien claim and said "The defendant has filed herewith his counterclaim ... and that by virtue thereof, defendant has instituted action to enforce and foreclose his lien." Defendant then counterclaimed in full and appropriate form, asking for the foreclosure of his mechanic's lien.
Plaintiff filed a motion to strike, saying there, as here, that the statute, F.S. 713.21(4), F.S.A., does not permit a counterclaim and that the avenue available to defendant was to file a separate timely proceeding. Since that was not done, plaintiff feels that the mechanic's lien should be canceled as a matter of law.
The trial court considered the matter in detail and ruled that the defendant lienor was within his rights in foreclosing his lien via counterclaim. Plaintiff appeals. We affirm.
Repetitively, F.S.A. 713.21(4), F.S.A., provides the means whereby perfected liens may be discharged. Any interested party may file a complaint and cause a summons to be issued to the lienor, who must within twenty days show cause why his lien should not be discharged or commence an action before the return date of the summons. The lien will be canceled if the lienor does neither of these things.
This statute providing for discharge of a perfected mechanic's lien is not an ordinary civil action, but is a special statutory proceeding. To protect a mechanic's lien, one must comply with the statutory provisions. Tom Joyce Realty Corp. v. Popkin, Fla.App. 1959, 111 So.2d 707.
F.R.Civ.Proc. 1.010 specifically provides that the rules shall apply to "... all suits of a civil nature and all special statutory proceedings ... except that the form, content, procedure and time for pleading in all special statutory proceedings shall be prescribed by the statutes providing for such proceedings unless these rules specifically provide to the contrary."
The Florida Common Law Rule 61 contained a provision similar to Rule 1.010 specifying that they applied to all special statutory proceedings, except as to the form, content, procedure and time for pleading. In a discussion of this rule, J.T. Wigginton, "New Florida Common Law Rules," 3 U.Fla.L.Rev. 1 (1950), at p. 3, stated:
"... The reason for restricting the applicability of the rules with respect to statutory proceedings is evident. Florida has in its statutes many special proceedings, such as eminent domain and bond validation, in which each step is clearly specified. The form of the pleadings required therein is relatively simple, *456 and the time for filing them is greatly accelerated as compared to the old common law system of procedure. Modification thereof by general rules is accordingly unnecessary, and might well produce undesired results in practice."
It is important to keep the above reasoning in mind in the following discussion.
Plaintiff has cited numerous cases for the proposition that counterclaims are not allowed in special statutory proceedings: Trak Microwave Corp. v. Medaris Management, Inc., Fla.App. 1970, 236 So.2d 189; Seven Seas Frozen Products, Inc. v. Fast Frozen Foods, Inc., Fla. 1949, 43 So.2d 181; National Leasing Corp. v. Bombay Hotel, Inc., Fla.App. 1963, 159 So.2d 111; Maco Supply Corp. v. Masciarelli, Fla.App. 1968, 213 So.2d 265. All of the above, except Trak, were replevin cases. F.S. section 46.08, F.S.A. which governed the cases, specifically prohibited the joinder of replevin with any other cause of action. These cases seemingly do not apply here, since there is no comparable statute prohibiting joinder of an action of foreclosure of a mechanic's lien with any other kind of action.
Two cases touch on the point raised by this appeal. In McCluskey v. Klock, Fla. 1948, 160 Fla. 537, 35 So.2d 646, an interested party brought an action under the predecessor of Section 713.21(4), and the lienor was ordered to commence a foreclosure action within thirty days or have his lien cancelled. The lienor instituted a summary proceeding under Section 86.06, F.S. 1941, F.S.A. The Supreme Court approved his action, but stated:
"Since the parties were already before a court having jurisdiction to enforce liens, it appears it might have been appropriate for the claimant to have filed his foreclosure proceedings in the case wherein he was cited." (Emphasis supplied.) At p. 538, 35 So.2d at p. 647.
Gay v. Mujica, Fla.App. 1964, 170 So.2d 83, cert. discharged, Fla. 1965, 178 So.2d 702, was a suit filed under Section 84.23(4), F.S. 1963 (predecessor of 713.21(4)), to show cause why six liens should not be settled pro rata or canceled. A court order limited the time to enforce the liens. All six of the lienors counterclaimed for enforcement of their liens, but only two filed a "notice of pendency of action to enforce lien." The crucial question of the case was whether the four lienholders had to file their notice of pendency when they counterclaimed. The important point is that the lienholders were allowed to counterclaim for enforcement of their liens. McCluskey v. Klock, supra, was decided prior to the present rules of civil procedure. Gay v. Mujica, supra, was not, however.
In light of those two cases and the policy considerations quoted from the University of Florida Law Review, we hold that it is acceptable to allow the foreclosure suit to be commenced in the counterclaim.
Plaintiff's other contentions are without merit and do not require particular discussion in depth. Suffice it to say, the defendant's counterclaim was at least permissive and he was entitled to file it in the statutory action as we have indicated. As concerns the earlier pending suit, it is not apparent that this matter was before the trial court and was not covered in the plaintiff's motion to strike. We feel that, if the parties are interested in having the several issues joined, they may apply to the trial court for consolidation with the decision to rest in that court's legal discretion and with the guide lines to be dictated by it.
In conclusion, we hark back to Rule 1.010, supra, and say the result contended for by plaintiff would not be in harmony with the stated intendment of our Rules of Procedure. Finding no error, the order here appealed is affirmed.
Affirmed.
CROSS, J., and MUSZYNSKI, B.C., Associate Judge, concur.
NOTES
[1] "713.21 Discharge of lien.  A lien properly perfected under this chapter may be discharged by any of the following methods: * * * (4) By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within twenty days why his lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his lien should not be enforced or his failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien."