PEARSON, Judge.
The appellant, B. & W. Company, was the electric contractor for the construction of a Miami Beach hotel. The appellant, Westinghouse Electric Corporation is the assignee of Westinghouse Electric Supply Company, who supplied the electrical materials and equipment used by B. & W. on the hotel job. The appellee, Carol Florida Corp., was the owner of the hotel and Cal Kovens Construction Corp. was the general contractor. The appellee, Conti *797 nental Casualty Company, is joined because the claims of lien involved were transferred to bonds.
Westinghouse Electric Corporation and B. & W. Company each filed a lien against the hotel. As plaintiffs they sought foreclosure of their liens against the appellees as defendants. At trial, at the close of plaintiffs’ case, the chancellor dismissed the action for the failure of the plaintiffs to prove a prima facie case. This appeal followed and as to the claim of appellant, B. & W. Company, the order of dismissal is affirmed. The order is reversed as to the claim of lien of Westinghouse Electric Corporation.
The theory of the complaint is that the B. & W. Company, at the request of the owner, from time to time, furnished labor and materials exceeding $600,000 in value. The B. & W. Company credits upon the claim the sum of approximately $290,000 which was paid during the process of construction. The claim is for the reasonable value of the work, labor and materials furnished under, what it alleges to have been, an oral agreement without contract price. It is conceded that the claim of B. & W. Company includes the claim of Westinghouse Electric Corporation in an approximate amount of $58,000,
The position of the appellee is that on May 28, 1957, the plaintiff, B. & W. Company, addressed a letter to Cal Kovens Construction Corp., the general contractors on the job, which read as follows:
“We propose furnishing all the material and labor required to install electrical wiring, as we will discuss with you with skeleton specifications following, in the above subject Hotel for the sum of:
“Two Hundred Thirty-Four Thousand Dollars
“Specifications
“590 Rooms to have 15 outlets includ--ing radio (outlet only) and TV (outlet only) with chilled water, Air Conditioning with switch and thermostat in each room, 312 Hall and Exit outlets as required, Air Conditioning wiring and controls, 80 Cabanas with receptacle, switch, light and telephone each, Sound outlets as required, Switchboard, panels and feeders, Pool lighting wiring and ground lighting, Install all fixtures furnished by others, Lobby, Kitchen, and all public spaces, Store wiring, Neon and sign work by others,

“Items not included in our estimate:

“1. No lighting fixtures, step lights or pool lights,
“2. No neon tubing or signs,
“3. Empty raceway only for Sound-TV and radio outlets,
“4. No dimmer equipment included,
“5. No starting or control equipment for motors or Airconditioning included,
“6. Primary Service by F. P. & L.
“We intend using Aluminum feeders and Buss duct on this project.
“Temporary Service will be furnished from this point on as required. Standby service will be furnished by us.
“We will keep up with the progress of the job as long as same is being done on a 40 Hour week. If the job works overtime requiring our services, the additional time will be paid for by you at cost to us only.”
The appellee urges that this letter, upon acceptance, became a contract and that inasmuch as B. & W. Company has received' some $290,000, their claim is thereby discharged. The discrepancy in price is explained as the cost of extras.
A review of all the evidence regarding the claim of the lienor, B. & W. Company, compels us to the conclusion that no error has been demonstrated upon the finding that it conclusively appeared that B. & W. Company was operating under a written contract and that said contract had *798 been paid in full. The dismissal is further supported by the record in that it appears from the evidence of the plaintiff that as late as March 6, 1958, it executed a release of lien acknowledging full payments for all of its work to that date. An examination of the claim of lien filed by B. & W. Company reveals that the last work done by it was on or about March 25, 1958. In addition, the record in this cause reveals that the hotel in question was opened in December of 1957. Therefore it appears that the likelihood of some $300,000 worth of work being done after March 6, 1958, is rather small. We mention this situation as a factor in the support of the determination by the trial judge that it was not reasonable to suppose that work of this magnitude was undertaken upon a “reasonable value” arrangement. However, the correctness of the trial judge’s action in dismissing the complaint as to the claim of B. & W. Company can only be determined by a review of all the evidence which was before the chancellor and such a review reveals that the chancellor was justified in his conclusion that the claim of B. & W. Company was not proved by the testimony and evidence before him. Therefore the order dismissing the claim of the B. & W. Company is affirmed.
Upon a consideration of the claim of the Westinghouse Electric Corporation, ap-pellee contends that the claim has been discharged by the fact that the electric contractor, B. & W. Company, has been paid in full on its contract and that therefore there is nothing for the claim of Westinghouse Electric Corporation to affix itself upon. On the other hand, both B. & W. Company and Westinghouse Electric Corporation urge that there was no written contract but that the oral contract under which B. & W. Company was operating came into existence after June 3, 1957. The significance of this latter date is that on June 3, 1957, Chapter 57-302, Laws of Florida, amending subsection 11(a) of Section 84.05, Fla.Stat., F.S.A., became effective. This section requires the owner of property dealing with the contractor to withhold 20% of the contract price to secure payment of laborers, subcontractors and materialmen. It has been determined that this section is not applicable to contracts executed prior to its enactment. Beam v. Jerome Lumber & Supply Co., Fla. 1954, 74 So.2d 537.
The controlling question upon the claim of Westinghouse Electric Corporation is whether or not there was a binding contract prior to June 3, 1957. The most that can be said for the evidence upon this point, is that it reveals that the letter was dated May 28, 1957. It does not show at what time this proposal became a contract by acceptance. The entire evidence of the plaintiffs prior to the entry of the order of dismissal, was to the effect that there was no binding written contract and that the entire dealings were had upon an informal contract which was changed from time to time. Therefore, the record does not support a conclusion of law adverse to the plaintiffs upon the question of the date of the contract. Upon this state of the record, we do not feel that the claim of Westinghouse Electric Corporation can be barred until and unless findings supported by the evidence are made upon the subject of the time of the acceptance of the contract. See Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498.
Appellee points out that Westinghouse Electric Corporation, a Pennsylvania corporation, presented its claim, as a plaintiff in this cause, as successor to Westinghouse Electric Supply Company, a Delaware corporation, which latter corporation was the materialman and supplier under the Florida Mechanics’ Lien Law. Further, that the right of the plaintifif-Pennsylvania corporation was established by virtue of an assignment of rights from the Delaware corporation to the Pennsylvania corporation, dated March 1, 1958, and that the claim of lien was filed in the name of the Delaware corporation on March 18, 1958. *799 Appellee thereupon argues that the claim of lien must be void because on March 18, the date of its filing, the Delaware corporation had no lien rights, it having assigned the same 17 days previously.
It has been established that mechanics’ liens are assignable. Clarkson v. Louderback, 36 Fla. 660, 19 So. 887. Recognition of the assignability of lien’s is found in § 84.22, Fla.Stat., F.S.A., of the Mechanics’ Lien Law. See Spears v. West Coast Builders’ Supply Co., 101 Fla. 980, 133 So. 97. The assignment of these liens vest all the rights and interest of the assignor in the assignee. Chapter 84, Mechanics’ Lien Law also expressly provides in § 84.01, Fla.Stat., F.S.A., that the term “lienor” shall include: “ * * * any person having a lien upon real property by virtue of this chapter and includes his successor in interest.”
The merits of the case are not changed because the real party in interest maintains the suit and the supplier files the lien in its own name. The assignor’s act in filing the lien protected the subject matter of the assignment and such act was within the purpose and intent of the assignment itself. It was held in Howard v. Pensacola & A. R. Co., 24 Fla. 560, 5 So. 356, that an assignor may adjust the differences as to the amount payable under the contract assigned since the fact of such assignment will not avoid adjustment made either in favor of the assignor or the assignee where the amount fixed by the adjustment exceeded that due the as-signee by the assignor. It would thus follow that an assignor may file a lien subsequent to an assignment where the assignor is acting for the protection of its assignee.
Other points argued by the appellants and the appellees have been considered but we hold that those already discussed are determinative. Therefore, the order of dismissal is affirmed as to the appellant, B. & W. Company, and is reversed as to the claim of Westinghouse Electric Corporation, and the cause is remanded for further testimony on the issue designated.
Affirmed in part and reversed in part.
HORTON, C. J., and CARROLL, CHAS., L, concur.