358 So.2d 860 (1978)
Melvin T. GOLDBERGER, Dean Moses, Earl Worsham, Fred Roehner and Soll Roehner, D/B/a Regency Highland Associates, Appellants,
v.
UNITED PLUMBING AND HEATING, INC., a Florida Corporation, Hoffco, Inc., a Florida Corporation, Safeco Insurance Co., Etc., and Northwestern Mutual Life, Etc., Appellees.
No. 77-1798.
District Court of Appeal of Florida, Fourth District.
May 16, 1978.
*861 Curtis G. Levine, South Palm Beach, Baskin, Schwartz, Brown & Kaplan, Boca Raton, for appellants.
Robert A. Hingston, of Welbaum, Zook, Jones & Williams, Miami, for appellee-Safeco Ins. Co.
*862 DAUKSCH, Judge.
Appellants appeal an order vacating orders discharging mechanics' liens recorded against their real property by five subcontractors. The order appealed was entered by a successor judge following rotation of the original trial judge to another division of the circuit court. We find that three of the liens properly were discharged and therefore, it was error to vacate the orders discharging the three liens. However, the orders discharging the remaining two liens were improper and that part of the order vacating these two orders of discharge is correct.
Appellee Safeco Insurance Company is the surety on a payment bond posted by the contractor on August 24, 1974. Five subcontractors recorded claims of lien against the owners' property in early 1976. Three separate lawsuits relating to these liens were filed below and then consolidated. The order appealed pertains to only two of the actions below.
In Case No. 76-493, Appellants filed a complaint to discharge four liens pursuant to Section 713.21(4), Florida Statutes (1975), alleging the existence of a valid contractor's payment bond as grounds for discharge of the liens recorded against their property. Four subcontractors were named as defendants: United Plumbing and Heating, Inc., Atlantic Steel Fabricators, Inc., Nutting Engineers of Florida, Inc., and Coastal Reinforcing Systems, Inc.
Nutting Engineers of Florida, Inc. made no response to the complaint. Coastal Reinforcing Systems, Inc. filed a disclaimer of its lien, citing the payment bond as its reason for doing so. Atlantic Steel Fabricators, Inc. answered the complaint, denied the allegations concerning the payment bond, and counterclaimed for foreclosure of its lien. Appellants answered Atlantic Steel's counterclaim and raised the payment bond exemption as an affirmative defense. United Plumbing and Heating, Inc. answered the Appellants' complaint to discharge, denied the allegations relating to the payment bond, and as an affirmative defense referred to a pending lawsuit in which it was seeking to foreclose its lien recorded against Appellants' property.
While Appellants' action to discharge the four liens was pending, another subcontractor, Atlantic Coast Development, Inc., filed a complaint to foreclose the lien it had recorded against Appellants' property in March, 1976. (Case No. 76-1330). Count III of the amended complaint alleged the existence of the payment bond and a copy of the bond was attached. The owners moved to dismiss the action on the ground that the allegations affirmatively showed that no cause of action existed against the owners' property because a § 713.23 payment bond had been posted. The motion to dismiss was granted on a specific finding by the trial court that a payment bond was provided by the contractor pursuant to § 713.23. A motion for rehearing was denied. No appeal was taken.
Approximately four months after Atlantic Coast Development's foreclosure complaint against the owners' property was dismissed, the original trial judge entered separate orders discharging all liens recorded against the property by the five subcontractors.[1]The circumstances surrounding the entry of the orders are not disclosed by the record on appeal. Appellee Safeco moved to vacate the orders of discharge. By this time, the original trial judge had been rotated to another division and his successor presided at the hearing on Safeco's motion to vacate the orders discharging the five liens. The order has the effect of restoring the five liens against the owners' property.
We find that the orders discharging the liens claimed by Nutting Engineers of Florida, Inc., Coastal Reinforcing Systems, Inc., and Atlantic Coastal Development, Inc. were proper. Therefore, that part of the order vacating these orders of discharge is reversed. The orders discharging the liens claimed by United Plumbing and Heating, *863 Inc. and Atlantic Steel Fabricators, Inc. were improper. That part of the order vacating these two orders of discharge is affirmed.
The legal effect of a contractor's payment bond is to exempt the owner from the provision of Parts I and II of Chapter 713, Florida Statutes. If the payment bond is valid and in compliance with the statutory provisions of Chapter 713, no mechanics' lien can be perfected against the owner's property. As this Court observed in Resnick Developers South, Inc. v. Clerici, 340 So.2d 1194 (Fla. 4 DCA 1976), a serious problem arises for the owner when a lienor who has no right to perfect his lien because of the payment bond exemption does so anyway. In such a situation, several alternatives are available to the owner to remove the claim of lien from the property. If the lienor takes no steps to foreclose his lien, the owner may rely on the passage of time and the claim of lien will die a natural death. Another option available to the owner is to take the affirmative step of filing a complaint to discharge the lien. Section 713.21(4), Florida Statutes (1975). But if the lienor files a foreclosure complaint before the owner has taken any action to have the lien discharged, the owner may raise the payment bond exemption as an affirmative defense. Resnick Developers South, Inc. v. Clerici, supra. If the payment bond defense appears on the face of the foreclosure complaint, the owner may raise the defense by a motion to dismiss. Hunt Truck Sales and Service v. Bonanza Construction, Inc., 353 So.2d 612 (Fla. 4 DCA 1977).
In a proceeding under § 713.21(4), the owner files a complaint for discharge and a summons is issued to each lienor named in the complaint to show cause why his lien should not be enforced by action (filing of a lawsuit to foreclose) or vacated and cancelled of record. If the lienor fails to show cause or to commence an action to enforce his lien before the return date of the summons, "the Court shall forthwith order cancellation of the lien." A complaint for discharge under § 713.21(4) is a special statutory proceeding and a lienor must strictly comply with its provisions to protect his lien. Wesley Construction Co. v. Yarnell, 268 So.2d 454 (Fla. 4 DCA 1972). A lienor may commence an action to enforce his lien, and thereby avoid cancellation of the lien under § 713.21(4), by filing a lien foreclosure action as a counterclaim to the owner's § 713.21(4) complaint. Id.
Since Nutting Engineers of Florida, Inc. made no response to the owners' § 713.21(4) complaint to discharge its lien, the owners were entitled to an order discharging Nutting's lien. In fact, § 713.21(4) mandates cancellation of the lien if a timely response is not made. § 713.21(4) does not require a hearing or even notice to the lienor before an order of discharge is entered. See Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1 DCA 1976). The lienor is warned by the summons accompanying the complaint that he must take the proper action or his lien will be discharged. Accordingly, the trial court erred in vacating the discharge of Nutting's lien.
Coastal Reinforcing Systems, Inc. disclaimed its claim of lien on the basis of the payment bond. The order discharging the lien was a formality in the face of the written disclaimer. The order vacating the order discharging Coastal Reinforcing's lien has the effect of reinstating a voluntarily disclaimed lien and is error.
However, the liens claimed by United Plumbing and Heating, Inc. and Atlantic Steel Fabricators, Inc. were improperly discharged. Both of these lienors timely answered Appellants' § 713.21(4) complaint to discharge. Atlantic Steel counterclaimed for foreclosure of its lien and United Plumbing and Heating, Inc., by way of affirmative defense, informed the trial court that it had already taken steps to foreclose its lien in a separate pending action. § 713.21(4) mandates discharge of a lien by the court only if the lienor fails timely to show cause or to commence an action to enforce its lien. It may well be that Appellants ultimately will prevail on their payment *864 bond defense, if properly pleaded in the foreclosure actions brought by these two lienors. However, Appellants are not entitled to a summary discharge of the two liens in a § 713.21(4) proceeding since both lienors have taken timely action to enforce their liens. Accordingly, there was no basis for the trial court's orders discharging these liens in Appellants' § 713.21(4) proceeding.
Finally, the order discharging the lien filed by Atlantic Coast Development, Inc. was proper and should not have been vacated. The trial court granted the owners' motion to dismiss Atlantic Coast's foreclosure action against the property because of the payment bond. A motion for rehearing was denied. When a foreclosure action against the owner is dismissed because of a payment bond exemption, the order is a final and appealable judgment. Hawaiian Inn of Daytona Beach, Inc. v. Dunn, 342 So.2d 132 (Fla. 1 DCA 1977). No appeal was taken in that case. Since Atlantic Coast had no cause of action for foreclosure against the owners' property, an order discharging its lien was proper.
The order appealed is reversed in part and affirmed in part and remanded with directions to discharge the liens claimed by Nutting Engineers of Florida, Inc., Coastal Reinforcing Systems, Inc. and Atlantic Coast Development, Inc.
REVERSED IN PART AND REMANDED.
DOWNEY, C.J., and LETTS, J., concur.
NOTES
[1] Four of the orders of discharge were entered in the lawsuit brought by Appellants' to discharge liens (Case No. 76-493) and the fifth order was entered in Atlantic Coast Development's foreclosure action (Case No. 76-1330).