392 So.2d 573 (1980)
FEDERATED STORES REALTY, INC., Federated Department Stores, Inc., Alan Restaurant Corp. D/B/a Danny's Restaurant, Swensen's of Plantation, Inc., and Palm Beach Confections, Inc., Petitioners,
v.
The Honorable Miette K. BURNSTEIN, a Judge of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent,
v.
KINGLAND CONTRACTING CORPORATION, Intervenor.
No. 80-463.
District Court of Appeal of Florida, Fourth District.
November 5, 1980.
Miles E. Shlopack of Gubman, Sitomer & Lubitz, Miami, for petitioners.
Mitchell B. Luber of Watson, Hubert, LaSalle & Clark, Fort Lauderdale, for intervenor.
No appearance for respondent.
HERSEY, Judge.
Petitioners seek a writ of mandamus to compel the trial court to discharge certain mechanics' liens under the provisions of Section 713.21(4), Florida Statutes (1979).
Claims of lien were filed against various leasehold interests in The Broward Mall for improvements made by subcontractors and materialmen pursuant to a construction contract with Kingland Contracting Corporation, the general contractor. An attempt to lien the underlying fee simple title in a similar manner was disallowed by the trial court.
Owners of the property interests (leaseholds) subjected to the liens filed a complaint for a rule to show cause pursuant to the statute.
The parties then stipulated that the lienors need not take action in the litigation within the 20 day period established by the statute.
*574 Subsequently the question arose as to whether such a stipulation was viable or whether, instead, the statutory time limitation was mandatory and jurisdictional. Memoranda were submitted and after due consideration the trial court entered an order, a portion of which, pertinent to these proceedings, provided that:
It has been further argued, and memoranda submitted, based upon the Court's query, that Section 713.21(4) Florida Statutes requires as a jurisdictional matter that liens included in Plaintiff's Complaint for a Rule to Show Cause should be discharged and cancelled upon the expiration of the twenty day answer period. The Court examined such memoranda and, being advised that Plaintiff, Federated, and Defendant, Kingland, entered into a written stipulation extending the period of time within which answers must be filed, orders that such stipulated extensions are not jurisdictional in nature and may be given the same effect as any stipulation to extend time for the filing of an Answer.
If the 20 day period is jurisdictional then discharge of the liens is a ministerial act permitting no exercise of discretion by the trial court. Mandamus is available "to compel the performance of some ministerial act, often one requiring a court to dismiss actions where such dismissal is required because of intervening events or because the court is about to proceed in excess of its jurisdiction." Wincor v. Turner, 215 So.2d 3, 5 (Fla. 1968). Thus mandamus is the appropriate remedy to test the correctness of the trial court's ruling.
The statute provides:
A lien properly perfected under this chapter may be discharged by any of the following methods:
(4) By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his lien should not be enforced or his failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.
Thus specific language of the statute requires that an action for enforcement be filed within 20 days or that cause be shown within that period why enforcement should not be commenced. A stipulation by the parties affected by the proceedings is "good cause" within the meaning of the statute.
Petitioner points out that what is involved here is not an ordinary civil action but a special statutory proceeding. Rule 1.010, Florida Rules of Civil Procedure provides that the rules of civil procedure do not apply to the "form, content, procedure and time for pleading in all special statutory proceedings" but these matters shall be controlled by the statute itself unless the rules provide otherwise. Petitioner correctly relies upon the case of Wesley Construction Company v. Yarnell, 268 So.2d 454 (Fla. 4th DCA 1972), for this proposition. But neither this case nor the statute under consideration speaks to the jurisdictional aspect of the 20 day limitation.
Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1st DCA 1976), while decided on an entirely different issue, contains dicta to the effect that the appellant in that case could have made application for an order extending the time for a response to the order to show cause but failed to do so.
In Goldberger v. United Plumbing and Heating, Inc., 358 So.2d 860 (Fla. 4th DCA 1978), we emphasized that the lienor has two alternatives under the statute: he may file an action or show cause why such an action should not be filed. A stipulation by the parties for an extension of time is, on its face, good cause for not filing an action within the initial period.
After a complaint is filed, a voluntary dismissal can be taken pursuant to Rule 1.420(a)(1), Florida Rules of Civil Procedure. To that extent, then, control of the action remains in the hands of one of the parties *575 (or both of them if accomplished by stipulation as permitted by the rule). Surely if the parties may abate the action without prejudice they may stipulate to extend it within reason, as was done here. The orderly administration of justice is advanced, not burdened, by settlement negotiations.
Finally, the owner of a property interest subjected to a lien has recourse to Section 713.22(2), Florida Statutes (1979) to reduce the time within which action must be commenced to enforce that lien to sixty days. It would be an anomaly to interpret Section 713.21(4), Florida Statutes (1979), as exactly equivalent to that statutory provision with the exception that the period is reduced to twenty days.
We therefore determine that the 20 day period may be extended by stipulation of the parties. There being no ministerial act which the trial court should be compelled to perform we deny the petition for writ of mandamus.
WRIT DENIED.
LETTS, C.J., and ANSTEAD, J., concur.