482 So.2d 1369 (1986)
MAINLANDS CONSTRUCTION CO., INC., Petitioner,
v.
WEN-DIC CONSTRUCTION CO., INC., Respondent.
No. 66684.
Supreme Court of Florida.
February 13, 1986.
Grover C. Freeman and David P. Rankin, of Freeman and Lopez, Tampa, for petitioner.
Daniel B. Schuh, of Schuh and Schuh, St. Petersburg, for respondent.
ADKINS, Justice.
We have for review the decision of the District Court of Appeal, Second District, in Wen-Dic Construction Co. v. Mainlands Construction Co., 463 So.2d 1187 (Fla. 2d DCA 1985), which conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Following a dispute over a site development contract, petitioner Mainlands Construction Co., Inc. (Mainlands), the owner of the improved property, refused to pay the final draw. Respondent, Wen-Dic Construction Co., Inc., (Wen-Dic), filed a claim of lien on February 11, 1983. On March 24, 1983, Mainlands filed suit seeking to discharge the mechanic's lien pursuant to section 713.21, Florida Statutes (1983). Wen-Dic answered and filed a counterclaim requesting foreclosure of the mechanic's lien in count I.
After several filings by each party, Mainlands sought dismissal of count I of Wen-Dic's amended counterclaim on the ground that Wen-Dic was barred from foreclosing the lien under section 713.21(4), Florida Statutes (1983). Under section 713.21(4), after a complaint for discharge of a mechanic's *1370 lien has been filed, the lienor must show cause, within twenty days, why the lien should not be canceled or vacated. The amended count I of the counterclaim was filed more than twenty days after the complaint for discharge of the lien.
The trial court, in a corrected order, dismissed amended count I of appellant's counterclaim, discharged the lien, and set aside the lis pendens.
We begin by addressing the question of whether Wen-Dic had a right to sue on the lien at the filing of their original counterclaim. Mainlands suggests that Wen-Dic lost the right to sue on the lien in light of a previous assignment of monies due under the contract to Wen-Dic's assignee Great American Bank (Bank). The district court of appeal determined that such an assignment was for security purposes only and transferred neither the mechanic's lien nor the right to sue on the lien to the Bank. See Hunt Truck Sales and Service, Inc. v. Holopak Village, 363 So.2d 27 (Fla. 4th DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979). We find the determination of whether the assignment was for security purposes only or if it was an assignment of a mechanic's lien unnecessary in light of Westinghouse Electric Corp. v. Carol Florida Corp., 122 So.2d 795 (Fla. 3d DCA 1960). In Westinghouse the party bringing suit on the mechanic's lien had previously assigned the lien. It was argued in Westinghouse, as Mainlands argues here, that such an assignment barred the assignor from his claim on the lien. The Westinghouse court stated that "an assignor may file a lien subsequent to an assignment where the assignor is acting for the protection of its assignee." Id. at 799.
Wen-Dic's purpose in filing a claim of lien and suing to foreclose on it was to recover monies allegedly owed them by Mainlands. Thus the claim was valid at the filing of the original counterclaim, regardless of whether Wen-Dic sought this remedy as holder of the lien or as assignor protecting the rights of their assignee.
Mainlands asserts that the trial court's dismissal of the lien was proper because the amended count I of the counterclaim was filed more than twenty days after the complaint for discharge of the lien, and section 713.21(4) requires the lienor to show cause within twenty days or risk having the lien canceled.
The district court reversed the trial court's dismissal stating that Wen-Dic's counterclaim seeking to foreclose the lien was a proper means of avoiding a cancellation of the lien under section 713.21(4). We agree. In Goldberger v. United Plumbing and Heating, Inc., 358 So.2d 860 (Fla. 4th DCA 1978), the court stated that "[a] lienor may commence an action to enforce his lien under 713.21(4), by filing a lien foreclosure action as a counterclaim... ." 358 So.2d at 863. Wen-Dic's timely counterclaim meets this standard. Wen-Dic's subsequent amended counterclaim relates back to the date of the original pleading as it arose out of the conduct, transaction or occurrence set forth in the original pleading. Fla.R. Civ.P. 1.190(c). We agree with the district court that the trial court's dismissal on these grounds was error.
Petitioner Mainlands also raises the question of whether the district court award of attorney's fees to Wen-Dic was proper at this stage of the proceeding. We agree with Mainlands on this ground and quash the district court award of attorney's fees to Wen-Dic.
The district court awarded attorney's fees based on section 713.29, Florida Statutes (1983), which provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
"Prevailing party" has previously been construed to mean the "one in whose favor an affirmative judgment is rendered." Peter Marich & Associates, Inc., v. Powell, 365 So.2d 754, 756 (Fla. 2d DCA 1978).
*1371 Although Wen-Dic has been successful in overturning the dismissal of their mechanic's lien action, the potential of an adverse ruling on the lien still exists. Since that potentiality remains, a resolution of the right to attorney's fees cannot be made until the litigation is concluded. See Magee v. Bishop Signs, Inc., 458 So.2d 1174 (Fla. 4th DCA 1984).
We hold that Wen-Dic is not a prevailing party nor have they received an affirmative judgment within the context contemplated by the statute. Accordingly, we approve in part, quash in part, and remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.