578 So.2d 388 (1991)
MATRIX CONSTRUCTION CORP., etc., et al., Petitioners,
v.
MECCA CONSTRUCTION, INC., Respondent.
No. 90-2179.
District Court of Appeal of Florida, Third District.
April 16, 1991.
Richard J. Burton & Associates, Greene & Marks and Deborah Marks, for petitioners.
Robert A. Ginsburg, County Atty., and Roy Wood and Tom Logue, Asst. County Atty., Michael Paul Shienvold, for respondent.
Before NESBITT, BASKIN and COPE, JJ.
NESBITT, Judge.
This application for common law certiorari challenges the entry of an order which abated an action brought pursuant to section 713.21(4), Florida Statutes (1989), and allowed the defendant an additional thirty days in which to retain substitute counsel. For the reasons stated, we grant the writ with directions to vacate the offending orders *389 and grant the petitioner's motion to discharge the mechanic's lien against real property.
On July 2, 1990, the petitioners, Matrix Construction Co., et al., as plaintiffs, filed a complaint in the trial court pursuant to section 713.21(4) to require Mecca Construction Co., Inc., defendant, the holder of a mechanic's lien, to show cause why the lien should not be either a) enforced by timely action or b) cancelled. Mecca was served on July 28, 1990. On August 3, 1990, counsel representing Mecca filed a motion to enlarge the time for filing a response to the petition. Thereafter, on August 16, 1990, petitioner filed a motion for an order striking and discharging lien alleging that respondent had failed to respond within twenty days of service. The motion was set for hearing on August 30, 1990. On August 23, 1990, counsel for Mecca moved to withdraw and that motion was heard at the August 30 hearing.
As of the date of hearing, the motion for enlargement of time had lapsed and there was no attempt by way of written pleadings or otherwise to show why the defendant's lien should not forthwith be cancelled. Also, there was no attempt to plead or demonstrate good cause why there should be further enlargement of time. Nonetheless, the trial court granted Mecca's motion, abated the action, and granted Mecca thirty additional days in which to retain substitute counsel.
Section 713.21 provides that a lien properly perfected under the lien chapter may be discharged
(4) By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his lien should not be enforced or his failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.
The procedures of the above section have been held to constitute special statutory proceedings. Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573 (Fla. 4th DCA 1980); Wesley Constr. Co. v. Yarnell, 268 So.2d 454 (Fla. 4th DCA 1972). Florida Rule of Civil Procedure 1.010 provides that the rules of civil procedure do not apply to the "form, content, procedure and time for pleading in all special statutory proceedings." These matters shall be controlled by the statute itself unless the rules specifically provide otherwise. Federated Stores, 392 So.2d at 574; Wesley Constr., 268 So.2d at 455. Thus, the time element of section 713.21 is one established by the legislature and recognized by the supreme court in the promulgation of the Florida Rules of Civil Procedure. Consequently, the statute is not subject to the ordinary exercise of judicial discretion. In the present case, although the trial court's intuitive reaction and rulings were entirely consistent with our common law heritage, it nonetheless ignored the statutory time frame in which the defendant was obligated to show cause why his lien should not be enforced.
The legislature has conferred upon materialmen, workmen, and others enumerated in chapter 713, the special privilege of asserting a mechanic's lien against the real property benefit. Since the assertion of a mechanic's lien may have a drastic effect upon the use and alienation of real property, Scott v. Premium Dev., Inc., 328 So.2d 557 (Fla. 1st DCA 1976), the legislature has likewise mandated that a mechanic's lien be promptly litigated. This is the obvious reason that one whose property has been liened is granted the right to initiate a petition creating a twenty-day limit in which to assert by counterclaim or otherwise a foreclosure of the lien under section 713.21(4). See Krasne-Gold Coast Joint Venture v. Allied Drywall, Inc., 573 So.2d 194 (Fla. 4th DCA 1991). The cancellation of a mechanic's lien does not leave the lienor without a remedy because such a lienor may nevertheless enforce his contractual claim.
*390 In the present case, because the motion for enlargement of time had lapsed and there was no pleading or showing as to why foreclosure of the mechanic's lien should not forthwith be commenced, there was nothing upon which the court could find cause under the cited statute to further delay the proceeding other than the apparent hope that the defendant would ultimately select an attorney to represent it in the matter. Under these circumstances, the trial court's ruling was error.
While it is perfectly evident that a plenary appeal would afford the petitioner an opportunity to correct the order, we nonetheless exercise common certiorari to correct it in its present posture. The pendency of a mechanic's lien could stultify the owner's use and enjoyment of the property, and consequently the remedy by way of plenary appeal would not be full and adequate.
Accordingly, certiorari is granted and the challenged order is quashed. The cause is remanded with directions to grant plaintiff's request to discharge the mechanic's lien from its real property.
It is so ordered.