643 So.2d 53 (1994)
Dr. Karl STURGE and Edna Sturge, Petitioners,
v.
LCS DEVELOPMENT CORPORATION and Leo Salomon, an individual, Respondents.
No. 94-1091.
District Court of Appeal of Florida, Third District.
September 28, 1994.
*54 Elder & Kurzman and Fredrica B. Elder, Miami, for petitioners.
Schattner & Emanuele and Jonas J. Schattner, Fort Lauderdale, for respondents.
Before HUBBART, BASKIN and GREEN, JJ.

ON PETITION FOR WRIT OF CERTIORARI
PER CURIAM.
Karl and Edna Sturge seek certiorari review of an order denying their motion to discharge a mechanic's lien. We grant the petition and quash the order. On remand, the trial court is directed to enter an order discharging the lien.
The Sturges contracted with LCS Development Corporation ["LCS"] to repair damage caused to their property by Hurricane Andrew. Towards the end of the project, a dispute arose between LCS and the Sturges over the quality of the work and time delays. LCS properly recorded a claim of lien. Subsequently, the Sturges filed an action for breach of contract against LCS and Leo Solomon, LCS's primary qualifying agent, individually. The complaint asserted a count requesting that the lien be discharged pursuant to section 713.21(4), Florida Statutes (1993). The clerk of the court issued a summons to show cause within twenty days why the lien should not be discharged. On the twentieth day, LCS filed a motion for enlargement of time to respond to the complaint. During the pendency of the motion, the Sturges moved to discharge the lien based on LCS's failure to show cause within the statutory period. The trial court denied the motion; the Sturges seek review. We have jurisdiction. Matrix Constr. Corp. v. Mecca Constr., 578 So.2d 388, 390 (Fla. 3d DCA 1991).
The legislature, in Chapter 713, has conferred upon materialmen, workmen, and certain other groups, the special privilege of asserting a mechanic's lien against real property. Matrix Constr. Corp., 578 So.2d at 389. Section 713.21, Florida Statutes (1993), provides the means by which a properly perfected lien may be discharged. The procedures in this section are considered special statutory proceedings, Matrix Constr. Corp.; Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573 (Fla. 4th DCA 1980), and in these cases, the Florida Rules of Civil Procedure do not apply to the "form, content, procedure and time for pleading... ." Fla. R.Civ.P. 1.010. "Consequently, the statute is not subject to the ordinary exercise of judicial discretion." Matrix Constr. Corp., 578 So.2d at 389. The time limits delineated in the statute must be strictly observed.
*55 Section 713.21(4) provides that a lien may be discharged
By an order of the circuit court of the county where the property is located, as provided in this subsection. Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his lien should not be enforced or his failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.
The statute requires "that an action for enforcement be filed within 20 days or that cause be shown within that period why enforcement should not be commenced." Federated Stores Realty, Inc., 392 So.2d at 574. The statute provides the sole procedure available to lienors in response to an action of this nature. A lienor must strictly comply with the statutory provisions to protect its lien. Goldberger v. United Plumbing & Heating, Inc., 358 So.2d 860, 863 (Fla. 4th DCA 1978). The statute does not contain a provision authorizing extensions of time which would serve to toll the statutory twenty-day period. LCS's contention that Matrix holds otherwise is without merit. The Matrix court's statements concerning such motions should not be construed as holding that a motion for extension of time constitutes "good cause" why a lien should not be discharged under the statute.
For these reasons, we hold that the trial court erred in denying the Sturges' motion to discharge the mechanic's lien: LCS's motion for extension of time did not constitute "good cause" as required by the statute, and the motion did toll the twenty-day period within which LCS was required to show such good cause. We grant the petition for writ of certiorari, quash the order under review and remand to the trial court with instructions to discharge the lien.
Certiorari granted; order quashed.