828 So.2d 1069 (2002)
DRACON CONSTRUCTION, INC., Petitioner,
v.
FACILITY CONSTRUCTION MANAGEMENT, INC., Respondent.
No. 4D02-493.
District Court of Appeal of Florida, Fourth District.
October 23, 2002.
Christopher M. David, Sharon J. Calix, and Michael L. Cotzen of Hall, David and Joseph, P.A., Miami, for petitioner.
Brian A. Wolf of Smith, Currie & Hancock LLP, Fort Lauderdale, and Charles W. Surasky, Atlanta, GA, for respondent.
GROSS, J.
By its petition for writ of certiorari, Dracon Construction, Inc. seeks to have this court quash the trial court's order vacating Dracon's liens which had been transferred to a bond. We deny the petition.
Facility Construction Management, Inc. entered into a drywall subcontract with Dracon. Facility terminated the contract. On July 6, 2001, Dracon filed a claim of lien and on September 14, 2001, filed an amended claim of lien in the amount of $418,973.00. Facility filed a transfer bond and the clerk transferred the amended lien to the bond by issuing a clerk's certificate of transfer.
*1070 Pursuant to section 713.21(4), Florida Statutes (2001), Facility filed a complaint seeking an order cancelling the lien. The clerk issued an alias summons directing Dracon "to show cause within 20 days why the claims of lien described in counts one and two in the attached copy of the complaint should not be enforced by action or vacated and canceled of record pursuant to Florida Statutes 713.21(4)." Twenty days after service of the summons, Dracon served its answer. The answer merely admitted or denied the various paragraphs of the complaint. Under portions of the pleading entitled "Affirmative Defenses" and "Counterclaim," the answer directed the reader to "[s]ee ... DRACON'S Motion for Extension of Time." A one paragraph, thirty-one word motion for extension sought an additional ten days to file affirmative defenses and assert a counterclaim, without setting forth any reasons or citation to legal authority.
Twenty-three days after service of the summons, Dracon filed an amended answer setting forth affirmative defenses and a counterclaim.
Facility moved to vacate and cancel the liens because Dracon had not filed its affirmative defenses and counterclaim within the twenty days required by section 713.21(4). To oppose the motion, Dracon relied on Mainlands Construction Co. v. Wen-Dic Construction Co., 482 So.2d 1369 (Fla.1986). The trial court entered an order vacating Dracon's liens.
A petition for writ of certiorari is the appropriate vehicle to seek review of an order granting a motion to vacate a lien. See A & M Painting v. Jennings, 598 So.2d 335 (Fla. 4th DCA 1992).
In a section 713.21(4) proceeding, after an "interested party" files a complaint for discharge, the clerk "shall issue a summons to the lienor to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record." § 713.21(4). The statute states: "Upon failure of the lienor to show cause why his or her lien should not be enforced or the lienor's failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien." Id.
"A complaint for discharge under [section] 713.21(4) is a special statutory proceeding and a lienor must strictly comply with its provisions to protect his lien." Goldberger v. United Plumbing & Heating, Inc., 358 So.2d 860, 863 (Fla. 4th DCA 1978); accord Sturge v. LCS Dev. Corp., 643 So.2d 53, 55 (Fla. 3d DCA 1994). Florida Rule of Civil Procedure 1.010 provides that for a special statutory proceeding, unless the civil rules "specifically provide to the contrary," it is the statute governing the proceeding that controls the form, content, procedure, and time for pleading. The "language of [section 713.21(4) ] requires that an action for enforcement be filed within 20 days or that cause be shown within that period why enforcement should not be commenced." Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573, 574 (Fla. 4th DCA 1980). A "`lienor may commence an action to enforce his lien under 713.21(4), by filing a lien foreclosure action as a counterclaim.' " Mainlands, 482 So.2d at 1370 (quoting Goldberger, 358 So.2d at 863). Dracon did not begin an enforcement action or make the required showing within the mandatory twenty-day period.
Mainlands is not controlling. In that case a lienor filed a counterclaim within the twenty-day period. Later, it amended the counterclaim. The supreme court determined that the amended counterclaim was timely because it related back to the original counterclaim. See id.
*1071 This case is distinguishable from Mainlands. Dracon's barebones answer was neither a lien enforcement action nor a showing why no action need be commenced within the twenty-day statutory period. There was nothing for the subsequent and untimely counterclaim to relate back to. The answer did not comply with the requirements placed upon a lienor by the statute.
This case is comparable to Sturge. There, a lienor filed a motion for enlargement of time to respond to a section 713.21(4) complaint on the twentieth day after service. 643 So.2d at 54. The third district held that the motion did not constitute "good cause" as required by the statute, making the lien subject to discharge. Id. at 55. The court wrote that:
[Section 713.21(4)] requires "that an action for enforcement be filed within 20 days or that cause be shown within that period why enforcement should not be commenced." The statute provides the sole procedure available to lienors in response to an action of this nature. A lienor must strictly comply with the statutory provisions to protect its lien The statute does not contain a provision authorizing extensions of time which would serve to toll the statutory twenty-day period.
Id. (citations omitted).
In a special statutory proceeding, such as one under section 713.21(4), the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure. See Matrix Constr. Corp. v. Mecca Constr. Inc., 578 So.2d 388, 389 (Fla. 3d DCA 1991). Discussing the strict time requirements of a section 713.21(4) proceeding, the third district has written:
The legislature has conferred upon materialmen, workmen, and others enumerated in chapter 713, the special privilege of asserting a mechanic's lien against the real property benefit. Since the assertion of a mechanic's lien may have a drastic effect upon the use and alienation of real property, the legislature has likewise mandated that a mechanic's lien be promptly litigated. This is the obvious reason that one whose property has been liened is granted the right to initiate a petition creating a twenty-day limit in which to assert by counterclaim or otherwise a foreclosure of the lien under section 713.21(4). The cancellation of a mechanic's lien does not leave the lienor without a remedy because such a lienor may nevertheless enforce his contractual claim.
Id. (citations omitted).
Petition for writ of certiorari denied.
POLEN, C.J., and KLEIN, J., concur.