944 So.2d 1004 (2005)
BNP PARIBAS, a foreign corporation, and Paribas Principal, Inc., a foreign corporation, Appellants,
v.
James A. WYNNE, III, individually and as Trustee of the James A. Wynne, III Revocable Trust No. 2 dated March 19, 1998, Appellees.
No. 4D03-4972.
District Court of Appeal of Florida, Fourth District.
January 12, 2005.
Keith T. Grumer and Maidenly Sotuyo-Macaluso of Grumer & Levin, P.A., Fort Lauderdale, for appellants.
Carlos A. Rodriguez, William R. Leonard, and David B. Pakula, Fort Lauderdale, for appellees.
BERGER, WILLIAM J., Associate Judge.
This is an appeal from a non-final order dissolving a pre-judgment writ of garnishment. We affirm because the complaint and the proof at the evidentiary hearing below demonstrate the plaintiffs/appellants ("Paribas") are seeking recovery for unliquidated damages.[1] As *1005 such, their claims cannot support a prejudgment garnishment. Papadakos v. Spooner, 186 So.2d 786 (Fla. 3d DCA 1966); Marshall-Shaw v. Ford, 755 So.2d 162, 165 (Fla. 4th DCA 2000). Garnishment is limited to recovery of a "debt" or on a judgment. Sec. 77.01, Fla. Stat.
We write to discuss Paribas' contention the trial court did not have authority to extend the statutory deadline for the defendants/appellees ("Wynne") to move to dissolve the writ, and since Wynne's motion to dissolve was filed after the deadline, it should have been denied and a default entered against Paribas as to the writ.
Garnishment is a special statutory proceeding. Garel and Jacobs, P.A. v. Wick, 683 So.2d 184, 186 (Fla. 3d DCA 1996). Under rule 1.010 of the rules of civil procedure, "the form, content, procedure, and time for pleadings in all special statutory proceedings shall be as prescribed by the statutes governing the proceedings unless these rules specifically provide to the contrary." (emphasis added) A special statutory proceeding "shall be controlled by the statute itself unless the rules [of civil procedure] provide otherwise." Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573, 574 (Fla. 4th DCA 1980). This is a limitation imposed on the judiciary by the Florida Supreme Court in promulgating rule 1.010.
As this court has stated, "[i]n a special statutory proceeding . . . the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure." Dracon Constr., Inc. v. Facility Constr. Mgmt., 828 So.2d 1069, 1071 (Fla. 4th DCA 2002) (followed in City of Coconut Creek v. City of Deerfield Beach, 840 So.2d 389, 392 (Fla. 4th DCA 2003)). In Sturge v. LCS Development Corporation, 643 So.2d 53 (Fla. 3d DCA 1994), the trial court properly denied a motion for enlargement of time to respond to a complaint to discharge a construction lien where the motion was filed on the statutory deadline. "The statute does not contain a provision authorizing extensions of time which would serve to toll the statutory twenty-day period." Id. at 55.
As an example of a rule which "provides otherwise," rule 1.090(a) governs computation of time "prescribed or allowed by these rules, by order of court, or by any applicable statute" [emphasis added] and the rule applies to a special statutory proceeding. Berry v. Clement, 346 So.2d 105, 106 (Fla. 2d DCA 1977) (summary eviction proceeding under chapter 51). Likewise, rule 1.090(e), which allows five days for mailing to be added to a deadline, applies to a special statutory proceeding because the express language in the rule does not limit its scope; it applies to all circumstances "[w]hen a party has a right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon that party." Volksbank Regensburg v. Burger, 703 So.2d 538 (Fla. 4th DCA 1997), en banc.
In contrast, rule 1.090(b), which allows a court in its discretion to enlarge the time to perform an act, is expressly limited to periods "required or allowed to be done at or within a specified time by order of *1006 court, by these rules, or by notice given thereunder." (emphasis added) This rule, by not expressly mentioning statutes, is inapplicable to procedural deadlines under a special statutory proceeding.[2]
Turning to the garnishment statute, a defendant seeking to dissolve a pre-judgment writ may do so by motion. § 77.07(1), Fla. Stat.[3] Under section 77.07(2), Florida Statutes,[4] the deadline to move to dissolve the writ is twenty days from service on the defendant of the garnishee's answer.[5] The statute also expressly establishes the consequences for an untimely motion, namely, the striking of the motion "as an unauthorized nullity, and the proceedings shall be in a default posture as to the party involved." The rules of civil procedure do not specifically provide for extension of the twenty day deadline.
In the instant case, the proper course would have been for the trial court to have denied Wynne's motion to extend the time for filing its motion to dissolve, based on rule 1.010. We affirm the result below, however, because, as previously noted, by alleging unliquidated damages, Paribas was not entitled to a pre-judgment writ in the first instance and a default against Wynne as to the pre-judgment writ would unquestionably have to be set aside. Williamson v. Bertino, 685 So.2d 93, 95 (Fla. 4th DCA 1997)(a default should be set aside if the complaint fails to state a cause of action).
AFFIRMED.
KLEIN, J., concurs.
FARMER, C.J., concurs specially with opinion.
FARMER, C.J., concurring specially.
I join in affirming the dissolution of the writ because I agree that plaintiffs' cause of action involves unliquidated damages and does not support a prejudgment writ of garnishment. I would stop there, however, and not address the enlargement of time the trial court gave the defendants to *1007 file a motion to dissolve the writ. Everything the majority says about the authority of the court to extend the time is unnecessary to the decision and is therefore not binding in future cases.
I think it is also in error. When the legislature prescribes the procedure and time to commence a statutory proceeding affecting mechanics liens or development orders, as in Dracon Constr. Inc. v. Facility Constr. Mgt. Inc., 828 So.2d 1069 (Fla. 4th DCA 2002), and City of Coconut Creek v. City of Deerfield Beach, 840 So.2d 389 (Fla. 4th DCA 2003), there is every reason to enforce the limitations period. After all, the legislature has created mechanics lien laws and has assumed control over land development. If the legislators think a proceeding to cancel a subcontractor's lien or to challenge a development order must be filed within 30 days, who are judges to say otherwise?
But that is a far cry from regulating the procedure and timing of motions to dismiss a garnishment proceeding. Garnishment existed at common law. Regulating procedure for ancient writs is traditional work for courts. With the comparable procedural provisions in statutes creating a right to attorneys fees, the supreme court has held that judges are free to grant enlargements of the time periods stated in the statute. See Gulliver Academy, Inc. v. Bodek, 694 So.2d 675 (Fla.1997) (time periods in statutes are procedural and are governed by Florida Rules of Civil Procedure); Knealing v. Puleo, 675 So.2d 593 (Fla.1996) (same); TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995) (same); Timmons v. Combs, 608 So.2d 1 (Fla.1992) (same); Leapai v. Milton, 595 So.2d 12 (Fla.1992) (same). Creating procedures for courts is, under the Florida Constitution, given exclusively to the supreme court and not to the legislature. Art. V, § 2, Fla. Const. While judges might, as a matter of grace, initially apply a time limit suggested by the legislature, that should not bar them from granting additional time when justice suggests.
Rule 1.090(b) does not provide otherwise. The first clause in subdivision (b)(1) allows an extension without any showing of excusable neglect and even without notice when an application is made, as here, before the original time has expired. Fla. R. Civ. P. 1.090(b)(1) ("court at any time in its discretion . . . with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed"). But one should carefully observe that the provision following clause (b)(2) expressly prohibits the enlargement of certain specified time periods under any circumstances. Fla. R. Civ. P. 1.090(b) ("but [the court] may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict."). Conspicuously absent from this list at the end of subdivision (b) is any mention of a time set by statute. Obviously the garnishment statute is within the class omitted. As the canon says, expressio unius est exclusio alterius. See Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997) ("when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded"). I take this omission in rule 1.090(b)(2) as tacit rule authority for a trial judge to enlarge even a statutory period of time when the application is made before the expiration of the original time.
For that matter, I doubt that the legislature had any purpose to prohibit judges *1008 from enlarging time to file motions in garnishment cases. Just as the garnishment statutes do not explicitly bar the judiciary from vacating defaults, I do not think they prevent judges from giving more time to file a motion to dissolve a legally improper writ.
As I said at the beginning, however, all this is unnecessary to today's decision that no prejudgment writ of garnishment should have been issued to which a response was due because the writ was being used to enforce a claim for unliquidated damages. That is our only holding in this case; the rest is all obiter dicta.
NOTES
[1] Paribas alleged claims against Wynne for fraudulent inducement and breach of contract by competing with his new employer, soliciting customers, divulging trade secrets, interfering with third party contracts, diminishing goodwill, enticing away employees, not devoting his best efforts to the new employer, breaching his fiduciary duties of loyalty and care, failing to report illegal conduct to the board of directors, and for other conflicts of interest and misdeeds. Paribas sought unspecified general damages in excess of $15,000.
[2] In Scott v. Premium Development, Inc., 328 So.2d 557 (Fla. 1st DCA 1976), the court refused to set aside a default judgment canceling a lienor's recorded lien. The default had been entered after the lienor had failed to respond by the statutory deadline to an order to show cause why his lien should not be canceled. The court stated, "On Scott's failure to respond to the rule by the return date and his failure to obtain an order extending the time for his response, the court was entirely correct in following the mandate of the statute by forthwith ordering the cancellation of Scott's lien against Premium's property." Id. at 559 (emphasis added). As this court has noted, the italicized language is dicta. Federated Stores Realty, supra at 574.
[3] "The defendant, by motion, may obtain the dissolution of a writ of garnishment. . . . The court shall set down such motion for an immediate hearing."
[4] "[The defendant] shall file and serve a motion to dissolve the garnishment within 20 days after the date indicated in the certificate of service on the defendant and any other such person of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue. On such motion this issue shall be tried, and if the allegation in plaintiff's motion which is denied is not proved to be true, the garnishment shall be dissolved. Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation shall result in the striking of the motion as an unauthorized nullity by the court, and the proceedings shall be in a default posture as to the party involved." § 77.07(2), Fla. Stat.
[5] The twenty day requirement is referred to in section 77.055, which states the plaintiff must serve a notice on the defendant "advising that he or she must move to dissolve the writ of garnishment within twenty days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue."