993 So.2d 179 (2008)
Connie BROOKSHIRE and Charles J. Brookshire, Petitioners,
v.
GP CONSTRUCTION OF PALM BEACH, INC., a Florida corporation, Respondent.
No. 4D08-2643.
District Court of Appeal of Florida, Fourth District.
November 5, 2008.
Harry Malka of Leiby Stearns & Roberts, P.A., Fort Lauderdale, for petitioners.
Donald S. Fradley of Fradley Law Firm, P.A., Jupiter, for respondent.
KLEIN, J.
Petitioner seeks a writ of mandamus to compel the trial court to discharge a claim of lien filed by a contractor against petitioner's *180 home. We grant the petition because the contractor failed to comply with the statutory lien procedure.
Following the recording of the contractor's lien, the owners filed a complaint seeking discharge of the lien, which was served on the contractor, along with an order to show cause issued by the clerk under section 713.21(4), Florida Statutes. That subsection provides in part:
Upon filing a complaint therefor by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record. Upon failure of the lienor to show cause why his or her lien should not be enforced or the lienor's failure to commence such action before the return date of the summons the court shall forthwith order cancellation of the lien.
Within the twenty-day period the contractor did not commence an action to enforce the lien, but rather filed a motion to compel arbitration, per the construction contract, as well as a notice of hearing on the motion to arbitrate. At the hearing on the motion to arbitrate, the owners argued that the lien should be discharged, because the contractor had not complied with the order to show cause. The contractor responded that this was unnecessary, because the claim had to be arbitrated. The contractor represented that it would forward its counterclaim for enforcement of the lien to the American Arbitration Association. The trial court agreed with the contractor, granted the motion for arbitration, and the owners seek mandamus relief to compel the court to discharge the lien. Federated Stores Realty, Inc. v. Burnstein, 392 So.2d 573 (Fla. 4th DCA 1980) (mandamus is the appropriate remedy to compel the trial court to discharge a mechanics lien); Sturge v. LCS Dev. Corp., 643 So.2d 53 (Fla. 3d DCA 1994) (the failure to comply with the twenty-day period following the order to show cause leaves the court with no discretion and the lien must be discharged).
The contractor contends that its motion to compel arbitration, filed within the twenty-day period, satisfies the requirements of the statute, because the dispute would ultimately be arbitrated in any event. It did so in order to avoid any issue as to whether it was waiving arbitration. The lien, however, and the dispute, are not one and the same. The disposition of the lien would not resolve the contractor's claim for payment.
The contractor could have complied with the twenty-day statutory period by filing a counterclaim within the owner's action. Mainlands Const. Co. v. Wen-Dic Constr. Co., 482 So.2d 1369 (Fla.1986); Goldberger v. United Plumbing & Heating, Inc., 358 So.2d 860 (Fla. 4th DCA 1978). Any concern about whether the contractor was waiving arbitration could have been satisfied by filing a motion to arbitrate those issues which were subject to arbitration. Zager Plumbing, Inc. v. JPI Nat'l Constr., Inc., 785 So.2d 660 (Fla. 3d DCA 2001).
The twenty day period provided in section 713.21(4) does not allow for exceptions, such as extensions of time, Dracon Construction, Inc. v. Facility Const. Mgmt, Inc., 828 So.2d 1069 (Fla. 4th DCA 2002), nor does it leave the court with any discretion to excuse a failure to comply. Sturge. We grant the petition and direct the trial court to discharge the lien.
FARMER and TAYLOR, JJ., concur.