TORPY, J.
 

 In this construction lien case, Petitioner seeks to compel the discharge of a lien against its property because Respondent failed to timely assert its rights after it was served with a summons pursuant to section 713.21(4), Florida Statutes (2008). We have jurisdiction and grant the petition.
 
 See Brookshire v. GP Constr. of Palm Beach, Inc.,
 
 993 So.2d 179, 180 (Fla. 4th DCA 2008).
 

 
 *1016
 
 After Respondent recorded a construction lien against Petitioner’s property, Petitioner invoked the special statutory procedure authorized by section 713.21(4). This procedure is intended to hasten the resolution of the lien claim by forcing the hand of the claimant. When invoked, a special summons is served upon the claimant “to show cause within 20 days why his or her lien should not be enforced by action or vacated and canceled of record.” § 713.21(4), Fla. Stat. (2008). When confronted with a summons under this statute, the lien claimant must commence a foreclosure action within the twenty-day period or show cause why enforcement should not be commenced.
 
 Federated Stores Realty, Inc. v. Burnstein,
 
 392 So.2d 573, 574 (Fla. 4th DCA 1980). Strict compliance with the statute is required to avoid the discharge of the lien.
 
 Dracon Const., Inc. v. Facility Const. Mgmt., Inc.
 
 828 So.2d 1069, 1070 (Fla. 4th DCA 2002).
 

 Here, Respondent failed to strictly comply with the statute and its lien must be discharged. Its response to the complaint asserted that its lien was valid and not exaggerated, but failed to show cause why enforcement should not be commenced within the twenty-day period. Although Respondent did fíle a counterclaim after its initial response, that filing was twenty-nine days after the summons was served.
 

 We grant the Petition and direct the trial court to discharge the lien.
 

 PETITION GRANTED.
 

 MONACO, C.J., and LAWSON, J., concur.