DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ABRAHAM A. CALIXTE** and **DOROTHY DROUILLARD**
a/k/a **DOROTHY CALIXTE,**
Petitioners,

v.

**COASTAL BUILDING CONTRACTORS, LLC,**
Respondent.

No. 4D2024-0123

[May 1, 2024]

Petition for writ of mandamus to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 56-2023-CA-002443-AXXXHC.

Michael Garcia of Michael Garcia, P.A., Fort Lauderdale, for petitioners.

Robert J. Powell and Matthew M. Couch of Moorhead Law Group, PLLC, Pensacola, for respondent.

PER CURIAM.

Abraham A. Calixte and Dorothy Drouillard a/k/a Dorothy Calixte petition for a writ of mandamus seeking to compel the trial court to discharge the respondent's construction lien as required by section 713.21(4), Florida Statutes (2023). For the reasons discussed below, we deny the petition.

## *Background*

Respondent, Coastal Building Contractors, LLC ("Coastal"), filed a claim of lien against Petitioners' property. Coastal, a subcontractor, alleged the general contractor failed to pay for services that Coastal performed at the property.

Petitioners filed the underlying complaint seeking to discharge the claim of lien and recover damages for slander of title. The complaint alleged, in part, that Coastal failed to timely record the claim of lien and failed to perfect the lien by serving a "notice to owner" on Petitioners as

required by section 713.06(2), Florida Statutes (2023).  As service of notice on owner is "a prerequisite to perfecting a lien under this chapter and recording a claim of lien," § 713.06(2)(a), Fla. Stat., Petitioners argued Coastal had no lien rights to file the claim of lien against the property.

The clerk of court issued a summons to Coastal pursuant to section 713.21, Florida Statutes (2023), which governs the discharge of liens under chapter 713.  Specifically, section 713.21, entitled "Discharge of lien," provides in pertinent part:

> A lien *properly perfected* under this chapter may be discharged, or released in whole or in part, by any of the following methods:
>
> . . . .
>
> (4)  By an order of the circuit court of the county where the property is located, as provided in this subsection.  Upon filing a complaint by any interested party the clerk shall issue a summons to the lienor to show cause within 20 days after service of the summons why his or her lien should not be enforced by action or vacated and canceled of record.  Upon failure of the lienor to show cause why his or her lien should not be enforced or the lienor's failure to commence such action before the return date of the summons the court shall order cancellation of the lien.

§ 713.21(4), Fla. Stat. (2023) (footnote omitted) (emphasis added).

The summons was served on Coastal on October 4, 2023.  Coastal did not begin an enforcement action or make the required showing within the mandatory 20-day period.  Instead, on October 23, 2023, Coastal filed a motion for enlargement of time to respond to the complaint under Florida Rule of Civil Procedure 1.090.

A few weeks later, Petitioners filed an amended motion to discharge, arguing the court was required to discharge the lien because Coastal had failed to comply with section 713.21(4)'s 20-day period.  In response, Coastal filed a motion to vacate the summons, followed by an answer wherein it also asserted a counterclaim to foreclose the lien.

Shortly thereafter, Coastal filed an amended motion to vacate or rescind the summons.  Therein, Coastal argued the summons should not have issued because section 713.21 applies only to "properly perfected" liens,

2

and Petitioners' complaint specifically alleged Coastal failed to perfect its lien. Accordingly, Coastal argued the court had the authority to rescind the summons pursuant to Florida Rule of Civil Procedure 1.160, which provides in relevant part: "All motions and applications in the clerk's office . . . as do not require an order of court shall be deemed motions and applications grantable as of course by the clerk. The clerk's action may be suspended or altered or rescinded by the court upon cause shown."

The trial court agreed with Coastal, denied Petitioners' motion to discharge the claim of lien, and granted Coastal's motion to vacate the summons. This petition follows.

### *Discussion*

Mandamus lies to compel a trial court to discharge a contractor's claim of lien pursuant to section 713.21(4), Florida Statutes. *See Brookshire v. GP Constr. of Palm Beach, Inc.*, 993 So. 2d 179, 179–80 (Fla. 4th DCA 2008); *Federated Stores Realty, Inc. v. Burnstein*, 392 So. 2d 573, 574 (Fla. 4th DCA 1980).

Petitioners argue that once Coastal failed to begin an enforcement action or make the required showing within section 713.21(4)'s mandatory 20-day period, the trial court had no discretion but to discharge the claim of lien. Petitioners further argue nothing in Chapter 713 or Florida precedent requires a property owner to allege in its complaint that a lien is "properly perfected" in order to invoke section 713.21(4)'s special statutory procedure. We disagree.

By its plain language, section 713.21, Florida Statutes (2023), only applies to "[a] lien *properly perfected* under this chapter." (emphasis added) (footnote omitted). A prerequisite to perfecting a lien under Chapter 713 when the lienor is not in privity with the property owner, as is the case here, includes service of a written notice to the property owner. *See Mirror & Shower Door Prods., Inc. v. Seabridge, Inc.*, 621 So. 2d 486, 487 (Fla. 4th DCA 1993) (noting that "the plain language of section 713.06 indicates the legislature's intent that service of a written notice which includes the warnings contained in section 713.06(2)(c) is a prerequisite to perfecting a lien under Chapter 713" for those lienors not in privity with the property owner); *Peninsular Supply Co. v. C.B. Day Realty of Fla., Inc.*, 423 So. 2d 500, 502 (Fla. 3d DCA 1982) ("The 1977 Revision [to Chapter 713] made clear that a claimant not in privity with the owner who did not perfect lien rights by giving proper notice was completely without a remedy under the mechanics' lien statute . . . ."). Thus, until the statutory prerequisite of

serving a written notice to the property owner is satisfied, the lien claimant has not perfected his or her lien rights.

As the complaint in this case specifically alleged Coastal had failed to perfect its lien by serving a "notice to owner" and therefore had no lien rights, Petitioners could not avail themselves of the special statutory procedure authorized by section 713.21(4). As such, the trial court had no discretion but to vacate the summons and deny Petitioners' motion to discharge the claim of lien. This is not to say a property owner has no remedy when a lien claimant has not properly perfected his or her lien rights. However, the special statutory procedure authorized by section 713.21(4) is not the proper remedy under such circumstances.

*Petition denied.*

WARNER, DAMOORGIAN and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4